SAVOY, Judge.
This is an appeal from a judgment of the district court decreeing a statutory will to *763 be null for the reason that at the time the will was confected the testatrix was unable to read the testament.
The facts are that Emily Mistric died testate, leaving an olographic will dated February 13, 1967. Her husband, Regis Mo-reau, had said instrument probated December 20, 1967.
On May 10, 1968, Daniel Rivette filed a petition in the instant suit seeking to annul the olographic will and to have the court recognize and decree to be valid a statutory will of the decedent made pursuant to LSA-R.S. 9:2442 et seq., and dated May 5, 1964. To this suit defendant filed an original and supplemental answer stating that the statutory will was null for the reason that the testatrix did not possess the qualifications required for the validity of a statutory testament in LSA-R.S. 9:2443 for the reason that she could not read at the time of the making of the will.
Defendant filed the depositions of Andrew Vidrine, Notary Public who officiated at the execution of the statutory will of May 5, 1964; and of several eye specialists. He then moved for a summary judgment which was granted by the district court. Plaintiff appealed.
LSA-R.S. 9:2443 reads as follows:
“Except as provided in R.S. 9:2442 with respect to a testator who is physically unable to sign his name, those who know not how or are not able to sign their names, and those who know not how or are not able to read, cannot make dispositions in the form of the will provided for in R.S. 9:2442, nor be attesting witnesses thereto.”
LSA-C.C. Article 1588 declares in substance that the olographic will must be entirely written by testator.
The medical experts were of the opinion that when the statutory will was confected in 1964, the decedent was, for practical purposes, blind, and that her eyesight would not improve. On the other hand, depositions of the notary and others in evidence tend to show that, in fact, Mrs. Emily Mistric was able to read at the time she confected the statutory will in 1964.
We are of the opinion that there is a material issue of fact, and that the district judge was in error in granting the motion for summary judgment. Kay v. Carter, 243 La. 1095, 150 So.2d 27.
For the reasons assigned the judgment of the district court is reversed and remanded for further proceedings in the district court. Costs to await final determination of the matter.
Reversed and remanded.