MILLER, Judge.
Plaintiff J. Daniel Rivette appeals the judgment annulling a duplicate original statutory will presented for probate. The trial court held the testament had been tacitly revoked by destruction of a duplicate original. We reverse, dismiss the opposition and remand the case for probate of the May 5, 1964 statutory will.
J. Daniel Rivette is a nephew of Regis Moreau and a second cousin of the decedent Emily Mistric. He was both a beneficiary and the executor of the statutory will executed May S, 1964. The duplicate original of the will presented for probate was in his possession.
*791 Regis Moreau is the widower of Emily Mistric. He testified he and his wife executed essentially identical wills on several occasions. After the May 1964 statutory wills were executed, he testified he and his wife changed their minds. Actually he testified he told his wife “the wills were not what we wanted.” Tr. 8 of the 1970 trial. Moreau contended at various times: 1) he and his wife executed -olographic wills in February 1967 which invalidated the statutory wills; 2) the statutory will was invalid because his wife could not read when the statutory will was confected; and 3) the statutory will had been tacitly revoked when one of the duplicate originals was destroyed.
According to the testimony Rivette and Moreau had some differences for some time before and after 1967.
In December 1967 Moreau presented for probate an olographic will purportedly executed in February of that year. In an ex parte proceeding, a judgment of possession was signed placing Moreau in possession of his deceased wife’s entire estate on the basis of the 1967 olographic will.
In March 1968 Rivette filed a petition seeking annulment of the 1967 olographic will and annulment of the judgment of possession based upon that will. Rivette presented a duplicate original of the 1964 statutory will for probate. Moreau answered the suit and filed opposition to the 1964 will. The 1967 olographic will was declared null and that judgment has become final. Moreau’s opposition to the 1964 statutory will is now before us for the third time.
In the first case before this court Mo-reau was granted summary judgment sustaining his opposition to the statutory will on finding the pleadings and depositions established Emily Mistric could not read when the May 1964 will was confected. On finding a genuine issue of material fact existed as to Emily Mistric’s ability to read at the relevant time, we reversed. Rivette v. Moreau, 225 So.2d 762 (La.App. 3 Cir. 1969).
When the case reached the trial court, Moreau filed an exception of no cause of action urging invalidity of the 1964 statutory will, contending it had been tacitly revoked by destruction of the duplicate original of the 1964 statutory will. The court minutes reflect the exception was heard on October 17, 1969 and was referred to the merits. Extensive testimony on this issue was presented by deposition and by witnesses at the 1970 trial. The trial court did not reach the issue relating to tacit revocation grounded on alleged destruction of the will, for the will was invalidated on finding Mrs. Mistric could not read when the statutory will was confected. Rivette appealed.
On finding Emily Mistric could read when the statutory will was confected we reversed the trial court judgment. Estate of Moreau v. Moreau, 261 So.2d 293 (La.App. 3 Cir. 1972). We remanded the case for probate of the May 1964 statutory will.
Following our 1972 decision Rivette attempted to probate the 1964 statutory will. He was again met with a new opposition in which Moreau contended the 1964 testament had been tacitly revoked by destruction of the duplicate original. Rivette filed an exception of res judicata which was overruled by a trial judge other than the judge who presided over the last trial. When the merits of the issue came up relating to Moreau’s attack on the will based on tacit revocation, the trial judge expressed doubt concerning the prior trial judge's ruling on the exception of res judi-cata, but allowed evidence on the issue. On the merits he annulled the statutory will and refused to probate it.
We do not reach the merits of the recent attack based on tacit revocation. We hold the trial court decision to relitigate the issue of revocation must be reversed.
Relitigation of the same issue between the same parties is to be prevented. *792 The exception of res judicata presents that issue as does the “law of the case” principle. “The law of the case” may be more appropriate than res judicata to describe the relation between prior judgments by trial and appellate courts within the same case. In Petition of the Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973) the force of this principle was recognized to prevent piecemeal trial of defenses even where the correctness of the former decision was doubted. In its discretion the court may reject palpable error resulting in manifest injustice.
Plaintiff’s plea of res judicata squarely raised the issue of relitigation of a matter previously presented for decision. Tacit revocation was an issue raised by Moreau’s exception which had been referred to the merits. Extensive evidence in support of that defense was adduced by depositions and witnesses presented at the 1970 trial. Although the trial court did not reach that issue because the will was annulled on the ground Mrs. Mistric could not read when the statutory will was con-fected, the issue had been presented to the trial court. It could have been presented to this court as a basis for supporting the trial court judgment annulling the statutory will.
Moreau contends he should not be barred from raising the issue now because the trial and appellate court opinions were silent on the issue of tacit revocation. This court specifically stated the “only issue presented here is the issue of whether or not Emily Mistric was able to read at the time of execution of the statutory will.” 261 So.2d 293 at 295 [4],
This court’s statement of “the only issue presented” refers to the only issues submitted by the attorneys. Emily Mistric’s ability to read was the only issue briefed and argued to this court on the appeal. If Mo-reau was convinced he had more than one basis for sustaining the trial court judgment which annulled the 1964 statutory will, it was his obligation to brief and argue it. Alternatively, Moreau could have applied to this court for rehearing contending the 1964 statutory testament had been tacitly revoked. That issue had been thoroughly tried and presented to the trial court for decision. The fact that the trial court did not reach the issue does not entitle Moreau to revive the issue and re-litigate it.
We recognize the line of cases resisting interpretation of silence as concluding issues and therefore rights between the parties. See Guilbeau v. Guilbeau, 308 So.2d 435 (La.App. 3 Cir. 1975). We distinguish these cases because they involve rights between multiple parties rather than multiple issues between the same parties such as we have here.
Many cases have followed Villars v. Faivre, 36 La.Ann. 398 (1884) and maintained the exception of res judicata as to issues not discussed in judgments rendered in a prior suit.
Our previous judgment concluded all issues raised by the pleadings filed by Riv-ette and Moreau. We therefore do not reach the issue concerning legal presumptions applicable in the probate of a duplicate original in the hands of a beneficiary but not in testatrix’s possession at the time of her death.
The trial court judgment annulling the 1964 statutory will is reversed and set aside. We note the absence of a proces verbal, which we cannot supply, and we are required to remand this case one more time. The opposition of Regis Moreau to the probate is concluded as to all issues raised therein and is dismissed. The will contest is over. We remand this case to the district court for probate of the statutory will.
A judgment of possession was rendered on January 23, 1968 placing Regis Moreau in possession of the entire estate. The 1967 olographic will on which that judgment was based has been declared null and that judgment has become final. Since the *793 1967 olographic will was void, the January-23, 1968 judgment of possession is also null and is set aside.
Defendant appellee is to pay all costs which have been incurred to date including trial and appellate court costs.
Reversed and remanded.