341 So.2d 1147 (1976)
Grace I. SMITH, Plaintiff-Appellant,
v.
William Bailey SMITH, Defendant-Appellee.
No. 10866.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Robert L. Kleinpeter, Baton Rouge, of counsel for defendant William Bailey Smith, appellee.
LeRoy H. Scott, Jr., Shreveport, of counsel for plaintiff, Grace Ingersoll Smith, appellant.
Before BLANCHE, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
This is an appeal of a judgment of the Family Court sustaining William Bailey Smith's, appellee, declinatory exception to the service of process and recalling Grace Ingersoll Smith's, appellant, rule to accrue alimony. On October 17, 1958, the Family Court of the Parish of East Baton Rouge ordered the appellee to pay the appellant $500.00 per month alimony. Following this judgment the appellee removed himself from Louisiana. In 1970 the appellant brought an action to accrue past alimony. The Family Court sustained a declinatory exception to jurisdiction over the person of the appellee and service of process without prejudice to the appellant's claim. The appellant appealed this decision and in Smith v. Smith, La.App., 257 So.2d 446, this Court affirmed the Trial Court's decision.
In 1972 the appellant again attempted to accrue past alimony. The appellee filed an exception to citation and jurisdiction which the Family Court sustained. This Court in Smith v. Smith, La.App., 289 So.2d 271 (1973), affirmed the ruling of the Family Court.
On December 23, 1975, the plaintiff brought this action to accrue alimony and to have an attorney at law appointed to represent the absent defendant. An exception to service of process and jurisdiction was filed by the appellee. The Family Court sustained the declinatory exception and recalled the appellant's rule to accrue alimony.
The pertinent provisions of the pleading filed herein by appellee entitled "Exception to Service of Process and Jurisdiction" reads as follows:

*1148 "That an appeal was perfected from the judgment sustaining the exception and was lodged with the Court of Appeal, First Circuit, bearing docket No. 9,663 and the judgment of the lower Court was eventually sustained by judgment rendered by the Court of Appeal, First Circuit on December 17, 1973 with a rehearing being refused on February 11, 1974. See: Smith v. Smith, (La.App. 1 Cir. 1972), 257 So.2d 446. That applications for writs to the Louisiana Supreme Court were not made and consequently the decision referred to is final and became the law of the case as between these parties.
"Your exceptor now shows that the present proceedings are for the same purpose, that is, seeking to accumulate certain alleged arrearages in alimony payments, and as will appear from the petition filed herein, plaintiff alleges that the defendant is an absentee and that service should be made upon an attorney at law.
"Your exceptor attaches hereto and makes a part hereof the entire record of all the previous proceedings in the above entitled and numbered cause and further shows that this Honorable Court is without personal jurisdiction over the defendant and this matter has been previously decided as hereinabove set forth and is now res judicata as between these parties. See: Rivette v. Moreau, (La.App. 3 Cir. 1975), 322 So.2d 790.
"WHEREFORE, your exceptor prays that this exception be maintained and that the petition of the plaintiff be dismissed with prejudice and at plaintiff's cost, together with such additional relief as the law, equity and nature of the case may permit."
An examination of the exception filed by the appellee establishes that it is not, as it is titled, an Exception to Service of Process and Jurisdiction, a declinatory exception under C.C.P. Art. 925, but rather it is an exception of res judicata, a peremptory exception under C.C.P. Art. 927. An exception is treated as what it actually is, not as what it is entitled. Jackson v. Dickens, La.App., 236 So.2d 81 (1st Cir., 1970).
Article 7 of the Code of Civil Procedure provides:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
"This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
"When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance."
Code of Civil Procedure Article 928 provides in part that:
"The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision."
There is no requirement that this exception be filed at the same time as the declinatory exception of lack of jurisdiction over the person. Therefore, the appellee has made a general appearance under the provisions of Article 7 of the Code of Civil Procedure because he has appeared through counsel seeking relief other than that designated *1149 in said article. The appellee has impliedly waived all objections to the jurisdiction of the Court.
For the above reasons, we reverse the ruling of the Family Court sustaining the appellee's declinatory exception and remand the case to the Family Court of East Baton Rouge Parish for further proceedings. Cost of this appeal to be paid by the appellee.
REVERSED AND REMANDED.