THIBODEAUX, Judge.
This is an appeal from a dismissal of plaintiff’s personal injury lawsuit after a hearing on defendants’ Motion for Summary Judgment. It presents the issue of whether a co-employee’s practical joke which unintentionally causes injury to another co-employee vitiates the exclusivity provisions of the Louisiana Workers’ Compensation Act and permits an action in tort.
Both the plaintiff, RITA GALE BOAT-NER, and one of the defendants, SHEILA BROUSSARD CHAMPAGNE, were employed as nurses by Our Lady of Lourdes Regional Medical Center in Lafayette. While engaging in the scope of their regular duties, the defendant intentionally pulled a chair away from the plaintiff as the plaintiff was attempting to seat herself, causing her to fall. The defendant’s action was done as a practical joke and all parties admit that there was no intent to cause an injury. Ms. Champagne’s deposition testi *1215 mony demonstrated that she had used the chair before and was aware that the chair had wheels and was easily mobile on a tile floor. She only meant for plaintiff to lose her balance and wiggle into the chair.
The trial court held that the defendant’s act was not intentional because she did not desire the consequences of her act nor did she know that the injury was substantially certain to follow. Consequently, it reasoned, plaintiffs sole remedy was limited to worker’s compensation benefits.
LSA-R.S. 23:1032 provides that the rights and remedies granted to an employee under the Louisiana Worker’s Compensation Act “should be exclusive of all other rights and remedies of such employee ...” but that the liability of an employer to an employee would not be affected by an “intentional act.”
In Caudle v. Betts, 512 So.2d 389 (La.1987), the Supreme Court concluded that an employer’s intentional administration of an electrical shock as a practical joke on an employee did not render the employer immune from tort liability. Liability results even if the injury was unintended. As the Supreme Court noted:
“... [I]t is an intent to bring about a result which will invade the interests of another in a way the law forbids. The defendant may be liable although intending nothing more than a good natured practical joke, or honestly believing that the act would not injure the plaintiff....”
Caudle at 391.
The Supreme Court further noted in Caudle that:
“A harmful or offensive contact with a person, resulting from an act intending to cause the plaintiff to suffer such a contact, is a battery, (citations omitted). The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other’s consent.” (citations omitted).
Id. at 391.
The record reveals indisputably that the defendant intended to perform the act, i.e., pulling the chair from under the plaintiff, which caused the plaintiff to fall and that plaintiff certainly did not consent to this act.
Bazley v. Tortorich, 397 So.2d 475 (La.1981), upon which the defendants rely, postured a two (2) pronged, disjunctive test for determining what constitutes an intentional act. A defendant must have “entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to fol-low_” Id. at 481. In order to constitute an intentional act, given the nature of defendant Champagne’s conduct, one could reasonably infer that she believed the result of her act was “substantially certain to follow.” Her own testimony was that she meant to cause plaintiff to lose her balance and wiggle into the chair or fall back into the chair.
A summary judgment procedure should be used sparingly and cautiously. Any reasonable doubt regarding a material issue of fact should be resolved against the mover. Penalber v. Blount, 550 So.2d 577 (La.1989). “Moreover, it is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith.” Id. at 583.
For the reasons assigned, the judgment of the trial court is reversed and the case is remanded for further proceedings.
Costs of this appeal are assessed to the defendants-appellees.
REVERSED AND REMANDED.