662 So.2d 818 (1995)
John David SNOW, Jr., Plaintiff-Appellant,
v.
LENOX INTERNATIONAL (d/b/a Heatcraft Copper Products), Defendant-Appellee.
No. 27533-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1995.
*819 Richard M. John, Shreveport, for Appellant.
Wiener Weiss, Madison & Howell by Larry Feldman, Jr., Mark L. Hornsby, Shreveport, for Appellee.
Before MARVIN and SEXTON, JJ., and SAVOIE, J. Pro Tem.
SAVOIE, Judge Pro Tem.
The plaintiff, John Davis Snow, Jr., appeals from the trial court's grant of summary judgment in favor of the defendant, Heatcraft Inc., finding that the plaintiff's exclusive remedy against the defendant is for workers' compensation benefits. For the following reasons, we affirm.

FACTS
The plaintiff was employed with Jean Simpson Temporary Agency. On March 9 and 10, 1993, he was sent to the defendant company, which manufactures copper pipe. On those days, he worked in a position designated as a basket loader. He returned to the company on March 11, 1993, and was stationed on a copper pipe cutting machine known as "Von III." During the course of his employment on that day, the plaintiff suffered a traumatic amputation of the first digit of his right ring finger.
The plaintiff filed suit against the defendant in tort, claiming that his exclusive remedy against the defendant was not in workers' compensation, because the accident was the result of an "intentional act" by the defendant, as defined in LSA-R.S. 23:1032.
On August 1, 1994, Heatcraft filed a motion for summary judgment, asserting that the plaintiff cannot maintain a tort suit against the company for personal injury because it is the statutory employer of the plaintiff under LSA-R.S. 23:1061-1063, that the plaintiff's exclusive remedy against the company is for workers' compensation benefits under LSA-R.S. 23:1021 et seq., and that the plaintiff received all workers' compensation benefits due him either from Jean Simpson Temporary Employment Agency or through its insurer.
Argument on this motion for summary judgment was heard on September 29, 1994. Heatcraft argued that, in order to maintain a tort suit against it, the plaintiff was required to show that the injury was the result of an intentional act or that the injury was substantially certain to follow. The defendant argued that the mere knowledge and appreciation of a risk does not constitute intent and that, even if the employee is given an extremely dangerous job to perform and he is subsequently injured, this does not constitute intent within the statutory or jurisprudential definition of that term. The defendant *820 also argued that this injury was not substantially certain to follow, contending that the plaintiff's injury was the only traumatic amputation to have occurred on the pipe cutting machine in ten years.
The plaintiff asserted that the machine was dangerous and complicated and that numerous people had suffered various injuries on the machine. He asserted that as a temporary employee, he was not adequately trained to operate this piece of machinery and that, under these facts, this injury was substantially certain to follow. Therefore, the plaintiff contended that the facts of this case fall under the intentional act exception to the Workers' Compensation Act and that he should be allowed to pursue a remedy against the defendant in tort.
On October 18, 1994, the trial court rendered judgment in favor of Heatcraft, finding that the plaintiff's exclusive remedy against the company was in workers' compensation.[1]
The plaintiff appealed the trial court judgment, asserting that summary judgment was not properly granted in this case.

LEGAL PRINCIPLES
Generally, workers' compensation is the exclusive remedy of an employee injured in the course and scope of his employment. LSA-R.S. 23:1032. However, LSA-R.S. 23:1032(B) provides an exception to this tort immunity when the employee's injury is the result of an intentional act. An act is considered intentional whenever the defendant "either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Bazley v. Tortorich, 397 So.2d 475 (La.1981). To meet the criteria of "substantial certainty" requires more than a reasonable probability that the injury will occur. This term has been interpreted as being equivalent to "inevitable," "virtually sure" and "incapable of failing." King v. Schuylkill Metals Corporation, 581 So.2d 300 (La. App. 1st Cir.1991), writ denied 584 So.2d 1163 (La.1991). The mere knowledge of an employer that a machine is dangerous and that its use creates a higher probability that someone will eventually be injured is not sufficient to meet the "substantial certainty" requirement. King v. Schuylkill Metals Corporation, supra. Further, even where a defendant's conduct is grossly negligent, this fact alone will not allow the imputation of intent. King v. Schuylkill Metals Corporation, supra. Finally, in determining whether an act was intentional within the meaning of LSA-R.S. 23:1032(B), a court should be mindful that this exception has been given a narrow interpretation, consistent with the policy rationale of the workers' compensation act and the legislative history of the exception. King v. Schuylkill Metals Corporation, supra.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. The motion for summary judgment is a proper procedural device to penetrate the plaintiff's allegations that the injuries resulted from an intentional tort. Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984); Galvin v. P.E. Barnes & Sons, Ltd., 521 So.2d 739 (La.App. 2d Cir.1988).
When a motion for summary judgment has been filed and supported by evidence, the adverse party may not rest on the mere allegations of his pleadings; by affidavits or otherwise, he must set forth specific facts showing that there is a genuine issue for trial. Simoneaux v. E.I. du Pont de Nemours and Company, 483 So.2d 908 (La. 1986).

DISCUSSION
On appeal, the plaintiff argues, as he did below, that this injury occurred as a result of having been intentionally ordered to work on a complicated and dangerous machine on which he had inadequate knowledge, instruction, training and experience and that *821 it was substantially certain that he would be injured. The plaintiff does not contend that anyone at Heatcraft desired that he be injured. He simply argues that, given Heatcraft's knowledge of the machine and the plaintiff's limited experience, his injury was certain to follow.
The plaintiff asserts that there are genuine issues of material fact in this regard. He cites the fact that there are two affidavits in the record from Charles L. Maranto, the industrial relations manager at Heatcraft. In this first affidavit, Mr. Maranto states that there were no injuries on the pipe cutting machine. In a second affidavit, this statement is contradicted and Mr. Maranto stated that here had been eleven injuries on the pipe cutting machine in the past ten years. The plaintiff contends that this contradiction alone is enough to question the veracity of the affiant and the defendant's assertions. The plaintiff also contends that these affidavits are insufficient to carry the defendant's burden of proof on the issue of summary judgment. The plaintiff argues that, given the danger associated with operation of the machine, the complex nature of the machine, and the fact that numerous other employees had been injured in and around these pipe cutting machines, the defendant's action in assigning him to work on the pipe cutter constituted wanton negligence that rose to the level of an intentional act. Therefore, he contends that the trial court erred in granting summary judgment in favor of Heatcraft. These arguments are meritless.
In the instant case, the record shows that the plaintiff was inexperienced in operating the pipe cutting machine. The record also shows that several of the defendants employees had been injured on and around the pipe cutting machine during a ten year period prior to the plaintiff's injury. However, prior to the plaintiff's injury, no other employee of the defendant company had suffered an amputation on the pipe cutting machine.
The facts of this case simply fail to demonstrate that the plaintiff's injury was substantially certain to occur nor do they show that this injury was inevitable, virtually sure or incapable of failing.
The plaintiff argues, in essence, that the inconsistencies in Mr. Maranto's affidavits create a genuine issue of material fact. We disagree. Mr. Maranto's first affidavit stated that there had been no injuries [like the plaintiff's] on the pipe cutting machine. The second affidavit explained that eleven injuries unlike the plaintiff's injury had occurred on this machine during the last ten years and each injury was detailed. The inconsistencies in these affidavits do not create a genuine issue of material fact but merely clarified a point for the court's consideration on the motion for summary judgment. The court considered both affidavits and the depositions filed in connection with the motion. The court then correctly concluded that the plaintiff's sole remedy was for workers' compensation benefits.

CONCLUSION
For the reasons stated above, we affirm the ruling of the trial court granting summary judgment in favor of the defendant, Heatcraft, Inc., finding that the plaintiff's exclusive remedy against the defendant is for workers' compensation benefits. Costs in this court and the court below are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] The plaintiff also named as a defendant Podding House Corporation, manufacturer of the pipe cutting machine. In granting summary judgment, the trial court reserved the plaintiff's right to proceed against Podding House.