676 So.2d 668 (1996)
Ray MILLER, et ux., Plaintiffs-Appellants,
v.
Chuck COUVILLION, et al., Defendants-Appellees.
No. 96-136.
Court of Appeal of Louisiana, Third Circuit.
June 5, 1996.
*669 Charles Gregory Gravel, Brian D. Cespiva, Alexandria, for Ray Miller et ux.
Frank Meredith Walker, Alexandria, for Chuck Couvillion dba Chuck's Ace Hardware.
John Gutierrez McLure, Alexandria, for Rick Savage.
Before DOUCET, C.J., and YELVERTON and PETERS, JJ.
YELVERTON, Judge.
This case concerns the intentional act exclusion under La.R.S. 23:1032 of the Louisiana Worker's Compensation Act. Plaintiffs, Ray Miller and his wife, appeal a judgment of the trial court dismissing their action in tort against defendants, based on an alleged intentional act of a co-employee. The trial judge determined that plaintiffs' exclusive remedy against defendants was under the worker's compensation laws. We affirm.

FACTS
The pertinent facts of this case are not in dispute. On June 18, 1993, the plaintiff, Ray Miller, was employed by Chuck's Ace Hardware as a salesclerk. While on the job, Rick Savage, the manager of the store, in the presence of co-employees, engaged in breaking a cinder block pad with his bare hand. The pad was placed on the side ledge of a forklift about 30 inches above the floor. To stabilize the pad Carl Francois, a co-employee, stood upon the portion of the pad resting on the ledge. The other portion of the pad protruded over the edge. When Savage hit the pad, it broke easily, but it was not a complete, full-size pad. A second pad, full-size, was obtained and put on the forklift. This time it was Miller who got on the forklift and braced the pad by standing on it. Savage tried to break the pad by striking it with a karate-style chop. The pad didn't break. Savage tried again, and again was unsuccessful. As this was going on in the warehouse area of the store, a message came over the public address system from Willie Hebron, Jr., the assistant manager, requesting assistance with customers in the store. While the testimony is in conflict as to what happened next, the karate activity was shutting down, and Miller was getting off of the forklift when Savage simultaneously kicked the cinder pad with his foot. This caused Miller to fall, and he cut his left arm badly on a broken mirror frame on the forklift.
Miller filed suit in tort for damages against his employer, Chuck Couvillion, d/b/a Chuck's Ace Hardware; his insurer, State Farm Fire and Casualty Company; and Savage. Miller's petition alleged that his injury was a result of an intentional tort by Savage and that Chuck Couvillion, d/b/a Chuck's Ace Hardware, was vicariously liable for this intentional tort.
The case was bifurcated, and evidence was heard on the issue of liability alone. The *670 trial judge determined that Miller's exclusive remedy against defendants was for worker's compensation benefits. On this finding, judgment was signed dismissing the action in tort. It is from this judgment that the Millers appeal.
They assign the following errors:
(1) The trial court erred in finding that Rick Savage, manager of Chuck's Ace Hardware and co-employee of Miller, did not commit an intentional act upon plaintiff by kicking the cinder pad on which plaintiff was standing, causing him to fall and sustain injury to his arm.
(2) The trial court erred when it failed to reach the issue and find Chuck's Ace Hardware vicariously liable for the intentional act of its manager, Rick Savage.

DISCUSSION
The Louisiana Worker's Compensation Act provides for compensation if an employee receives personal injury arising out of and in the course of employment. La.R.S. 23:1031. As a general rule, the rights and remedies granted to an employee therein are exclusive of all rights and remedies against his employer, any officer or principal of the employer, or any co-employee. La.R.S. 23:1032(A)(1)(a). However, an exception to this rule provides that nothing therein shall affect the liability of an employer, principal, officer, or co-employee resulting from an "intentional act." La.R.S. 23:1032(B).
The trial judge's well-written reasons for judgment utilized language from Bazley v. Tortorich, 397 So.2d 475, 480, 482 (La.1981), in which the supreme court interpreted the intentional tort exception of La.R.S. 23:1032 as follows:
In drawing a line between intentional and unintentional acts we believe the legislative aim was to make use of the well established division between intentional torts and negligence in common law....
For these reasons, we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.
Based on the circumstances in the present case, we cannot say that when Savage kicked the cinder pad, he desired to bring about Miller's injury or that he believed that it was substantially certain to follow. Miller as well as his co-employee, Francois, testified that Savage was trying to break the cinder pad.
The trial judge considered the case of Caudle v. Betts, 512 So.2d 389 (La.1987), in which the supreme court explained the meaning of an intentional act arising in the context of a battery occurring as the result of a practical joke. The trial judge addressed the issue of whether or not the act of Savage in kicking the concrete pad constituted a battery upon Miller. He found that it did not. We agree.
The Caudle court found that an intentional battery had occurred when plaintiff's employer's principal owner and chief executive officer intentionally touched and shocked the plaintiff with an auto condenser as a practical joke. In finding that the harmful or offensive contact was intentional, it said that "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery." Id. at 391.
The court continued by stating:
The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent.

Id. at 391.
Plaintiffs rely on two decisions from this court in which we held that the intentional tort of battery occurred. In Villa v. Derouen, 614 So.2d 714 (La.App. 3 Cir.1993), a co-employee pointed a welding cutting torch in plaintiff's direction and intentionally released oxygen or acetylene gas that caused unintentional harm to plaintiff in the form of burns to his groin area. Therein, we determined that to constitute a battery, defendant need only intend that the oxygen he sprayed toward the plaintiff come into contact with him or that he have knowledge that this contact was substantially certain to occur. *671 Analogizing, Miller in the present case argues that it is unreasonable to believe that in kicking down on the pad, Savage did not intend for the pad to come into contact with him or that he was not aware of or substantially certain that the pad would come into contact with his feet.
In Boatner v. Our Lady of Lourdes Medical Center, Inc., 609 So.2d 1214 (La.App. 3 Cir.1992), writ denied, 612 So.2d 106 (La. 1993), this court reversed the trial court's grant of a motion for summary judgment, finding that a material issue of fact existed as to whether a co-employee's action of pulling a chair away from plaintiff as she was attempting to seat herself, causing her to fall, constituted an intentional act. In addressing the issue of whether this act constituted a battery this court found from the record that the defendant intended to perform the act, i.e., pulling the chair from under the plaintiff, which caused the plaintiff to fall and that plaintiff did not consent to this act. Relying on Boatner, Miller argues that Savage intended to kick the cinder pad (the act) and this kick caused him to fall.
These cases do not support Miller. Savage's act of kicking the cinder pad does not comport with the definition of battery as stated by the court in Caudle. To explain why, we adopt the following part of the trial judge's reasons for judgment:
[B]y striking the concrete pad with his foot, the defendant, Savage, was not directing his act to the person of the plaintiff. Nor was his act offensive or insulting so as to result in personal indignity to the plaintiff. His act was directed toward striking the concrete pad for whatever consequences it might have on the concrete pad. The fact that his act was in poor judgment, reckless, or negligent because of plaintiff's position in relation to the concrete pad, does not equate to his act being an intentional contact with the person of the plaintiff. It is simply negligence. A similar incident could be envisioned where the defendant strikes a wooden stake being held by plaintiff with a sledge hammer, causing the wooden stake to shatter and injure plaintiff's hand, or even causing the sledge hammer to glance off the stake and strike plaintiff in the head. These acts would not constitute a battery against the person or dignity of the plaintiff. There is no contact intended with the person or dignity of the plaintiff. The intent of the defendant obviously is not to cause contact with the plaintiff's person. While it is foreseeable the plaintiff could be injured, this foreseeability involves negligence, and not an intentional act.
The judgment dismissing plaintiffs' intentional tort action is affirmed. It is unnecessary to reach the issue of whether Chuck's Ace Hardware is vicariously liable. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.