713 So.2d 664 (1998)
Carlton TRAWEEK, Plaintiff-Appellant,
v.
Larry LaBORDE, and City of West Monroe, Defendants-Appellees.
No. 30551-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
Rehearing Denied June 18, 1998.
*665 C. Daniel Street, Monroe, for Plaintiff-Appellant.
Hayes, Harkey, Smith & Cascio by C. Joseph Roberts, III, Monroe, for Defendants-Appellees.
Before BROWN, WILLIAMS and CARAWAY, JJ.
BROWN, Judge.
Plaintiff, Carlton Traweek, a West Monroe police officer, sued the city and its chief of police for injuries allegedly sustained through an intentional tort.[1] Traweek, a 17 year veteran who served as a patrolman, detective, sergeant and shift supervisor, had been on sick leave from March through December 1995 because of a major depressive disorder. During his absence, all patrol officers were required to carry and be trained in the use of an organic pepper spray as a defensive weapon. This training required that each officer be sprayed in the face with the agent to experience its effects. In his petition, Traweek alleges that the police chief disregarded his reasonable request not to be sprayed "and despite his (Chief LaBorde's) knowledge of plaintiff's (mental) condition ordered that he undergo the pepper mace exercise or forfeit his employment." Plaintiff completed his training on January 5, 1996. As a result of being sprayed with the mace, plaintiff claims to have suffered post traumatic stress disorder.
Defendants filed a declinatory exception of lack of subject matter jurisdiction alleging tort immunity under the workers' compensation law. At the hearing on the exception, defendants presented testimony from Chief LaBorde. The trial court granted the exception and dismissed plaintiff's tort action. Plaintiff has appealed. Although disagreeing with the trial court's reasons, we affirm.

Discussion
There is no question that both Traweek and Chief LaBorde were acting within the course and scope of their employment for the City of West Monroe at the time of the spraying incident. Generally, workers' compensation is the exclusive remedy for work related injuries, La. R.S. 23:1032; however, La. R.S. 23:1032(A)(1)(a) provides an exception to this tort immunity when the employee's injury results from an intentional act.
The jurisprudence considers an act to be intentional when the defendant either desires to bring about the physical results of his act or believes they were substantially certain to follow from what he did. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Snow v. Lenox International, 27,533 (La.App.2d Cir. 11/01/95), 662 So.2d 818.
The exceptions allowed by our Code of Civil Procedure are designed to provide a party with a means of defense early in the litigation. Article 921 of the Code of Civil Procedure defines an exception as a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him. Three kinds of exceptions, and no others, are allowed in Louisiana: the declinatory exception, the dilatory exception, and peremptory exception. La. C.C.P. art. 922. As set forth in La. C.C.P. art. 923:
The function of the declinatory exception is to decline the jurisdiction of the court, while the dilatory exception merely retards *666 the progress of the action, but neither exception tends to defeat the action. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.
The question of an employer's immunity from tort liability is often resolved pursuant to a peremptory exception of no cause of action; however, because no evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action, La. C.C.P. art. 931, a motion for summary judgment often is a better procedural method for an early dismissal of the action. Although the exception of no cause of action and the motion for summary judgment are the normal vehicles to resolve the issue of immunity, a bifurcated trial with the question of liability being first heard is also effective.[2]
As correctly noted by the First Circuit in Smith v. Smith, 341 So.2d 1147 (La. App. 1st Cir.1976), an exception is treated as what it actually is, not what it is titled. In that case, a defendant's pleading entitled "Exception to Service of Process and Jurisdiction" was treated as peremptory, rather than declinatory, where it sought dismissal on grounds of res judicata.
In the instant case, defendants are seeking to have Traweek's action declared legally nonexistent or barred by effect of law. They are claiming to have immunity from Traweek's tort action by virtue of the provisions of La. R.S. 23:1032 because the allegations in Traweek's petition do not state an intentional injury. Although filed as a declinatory exception, the pleading is best described as a peremptory exception of no cause of action. Because evidence may not be presented on a no cause of action exception and the allegations of the petition must be accepted as true, we disregard entirely the testimony of Chief LaBorde presented in the trial court.
The petition claims that Chief LaBorde substituted his judgment for that of Traweek's doctor by refusing to allow him to return to "light duty" work and that after Traweek's return to full duty, Chief LaBorde disregarded Traweek's "reasonable request" to forego being sprayed despite the chief's "detailed knowledge" of plaintiff's condition. The petition concludes that Chief LaBorde's actions amounted to an intentional injury.
The petition does not dispute the legitimacy of pepper spray as a defensive weapon for police officers, and it goes without saying that a police officer should be trained in the use of any weapon in his arsenal. Plaintiff has not alleged that in the course of this training that officers should not be sprayed to assess the effects of the mace. The petition simply alleges that because Chief LaBorde knew of Traweek's unstable mental condition, that he should not have required that Traweek be sprayed with the mace.
Assuming the allegations of Traweek's petition to be true, the acts of Chief LaBorde are at best negligent. Traweek could have refused the training and sought other recourse to keep his job. It is not alleged that Chief LaBorde intended that Traweek be harmed or that it was substantially certain that Traweek would be injured. Snow, supra. The substantial certainty criterion for an act to be considered intentional for purposes of avoiding tort immunity requires more than a reasonable possibility that the injury will occur. La. R.S. 23:1032(B); Id.

Conclusion
Affirmed and remanded. Plaintiff has ten days from the date that this judgment is final to amend his petition to state a cause of action. La. C.C.P. art. 934. Costs are assessed to appellant.
CARAWAY, J., concurs in part and dissents in part with reasons.
CARAWAY, Judge, concurring in part and dissenting in part.
I concur in the majority's ruling that an intentional tort has not been demonstrated in *667 this case. The plaintiff's petition alleges that Chief LaBorde's actions required Traweek to submit to the spraying of pepper mace in the face despite Chief LaBorde's knowledge of plaintiff's fragile mental condition and that such actions amounted to intentional infliction of emotional trauma. Whether, on the face of the pleadings alone, these allegation were insufficient to state a cause of action for an intentional tort was a question which defendant could choose to avoid by the use of the exception of lack of subject matter jurisdiction. Through that exception, defendant gained the advantage of an ability to present evidence to clearly rebut any assertion that Chief LaBorde intended to harm the plaintiff. See La. C.C.P. art. 930's allowance for the introduction of evidence. The fact that a ruling on the intentional nature of Chief LaBorde's actions applies both to the issue of subject matter jurisdiction and the merits of plaintiff's liability claim does not prevent the issue from being dealt with by a preliminary trial of an exception. Cf., Montgomery v. Breaux, 297 So.2d 185 (La.1974).
I respectfully dissent from the majority's ruling remanding the case to the trial court to allow plaintiff an additional opportunity to amend this suit. The trial court's ruling on the exception of subject matter jurisdiction already afforded plaintiff the opportunity of amending his petition within fifteen days of that ruling to allege an intentional tort. Plaintiff was also afforded the opportunity at the hearing on the exception to cross-examine Chief LaBorde and to otherwise introduce evidence of an intentional tort. Plaintiff's time for making out his case and proving it having long since come and gone, the finality of the trial court's judgment should not be reversed.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, STEWART and CARAWAY JJ.
Rehearing denied.
NOTES
[1] Plaintiff also filed a workers' compensation action against the city. The city's appeal of the decision in Traweek's favor is also before this court docketed under No. 30,571-WCA.
[2] In Miller v. Couvillion, 96-136 (La.App. 3d Cir. 06/05/96), 676 So.2d 668, the case was bifurcated in the trial court, and evidence was heard on the issue of liability alone; the trial court determined that the plaintiff's exclusive remedy against the defendants was under workers' compensation because the intentional act exclusion did not apply under the facts presented. By proceeding in this manner, the trial court was able to hear evidence and observe the demeanor of the witnesses.