# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## WCA 04-321


**DAVID CORMIER**

**VERSUS**

**LOUISIANA SOUTHWEST SCRAP & SALVAGE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF ACADIA, NO. 02-06917
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE


**\*\*\*\*\*\*\*\*\*\***


**BILLIE COLOMBARO WOODARD**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Chief Judge Ulysses G. Thibodeaux, Billie Colombaro Woodard, and Oswald A. Decuir, Judges.

**AFFIRMED AS AMENDED AND REMANDED.**

Michael Benny Miller
Miller & Miller
P. O. Box 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
COUNSEL FOR SECONDARY PLAINTIFF/APPELLANT:
        David Cormier

Patrick Daniel, Jr.
Galloway, Johnson, et al
110 E. Kaliste Saloom, # 201
Lafayette, Louisiana 70508
(337) 235-7110
COUNSEL FOR DEFENDANT/APPELLANT:
        Louisiana Southwest Scrap & Salvage

WOODARD, Judge.

David Cormier was injured while unloading a customer's scrap hauling truck at Louisiana Southwest Scrap and Salvage (Southwest). Southwest denied workers' compensation benefits, alleging Mr. Cormier was an independent contractor. The workers' compensation judge found that he was an employee and awarded benefits, penalties, and attorney fees. We amend the judgment to award interest, as well as to award a penalty for failing to provide medical treatment, and we remand for proper calculation of penalties in accordance with this opinion. In all other respects, we affirm.

\* \* \* \* \*

**FACTS AND PROCEDURAL HISTORY**

Mr. Cormier hauled scrap for Southwest for $12.00 a ton. He began hauling in 1997 and stopped on January 14, 2002, after falling off a crane and injuring his right shoulder and left hand. He reported the injury to Janet Widman, Southwest's secretary/bookkeeper, and sought treatment from the Stafford Clinic in Lafayette, then, the University Medical Center (UMC). An MRI performed on Mr. Cormier revealed a complete tear of the rotator cuff in the right shoulder. He underwent shoulder surgery at UMC on November 21, 2002.

On September 19, 2002, he filed a disputed claim for compensation with the Office of Workers' Compensation. Southwest denied that he was an employee but alleged, instead, that he was an independent contractor not engaged in substantial manual labor and therefore, was not entitled to workers' compensation. This case was tried on September 2, 2003. The workers' compensation judge concluded that Mr. Cormier was an employee of Southwest, not an independent contractor. It awarded him back due compensation and benefits from the date of the accident, as well as medical expenses, travel reimbursement, attorney fees, and a penalty fee. Southwest and Mr. Cormier appealed.

**ASSIGNMENTS OF ERROR**

Southwest contends that the workers' compensation judge erred by concluding that Mr. Cormier was an employee of Southwest and not an independent contractor. It also maintains that the workers' compensation judge erred when it awarded total

2

temporary disability, certain medical expenses, travel reimbursements, attorney fees, and penalties.

Mr. Cormier contends the workers' compensation judge erred by not penalizing Southwest for failing to provide medical treatment, for miscalculating the award amount, and for failing to award interest.

STANDARD OF REVIEW

We review factual findings in workers' compensation cases for manifest error.[1] Under this standard, we decide only if the determinations of the workers' compensation judge were reasonable on the basis of the record.[2] If the entirety of the record supports different conclusions, the workers' compensation judge's "choice between them can never be manifestly erroneous or clearly wrong."[3] If, however, we determine no factual basis exists for the workers' compensation judge's determination, we decide if the record demonstrates that this finding is clearly wrong.[4]

EMPLOYER-EMPLOYEE RELATIONSHIP

Southwest contends that Mr. Cormier is an independent contractor and therefore, is ineligible for workers' compensation benefits.

The determination of whether an employee-employer relationship exists is a factual one, made on a case by case basis, which we should not overturn unless the workers' compensation judge committed manifest error.[5]

In the instant matter, the record supports the workers' compensation judge's conclusion that Mr. Cormier "was considered by all to be an integral part of the company's operation and was an employee." At trial, two employees testified that he routinely worked on equipment Southwest owned. Actually, he knew more about repairing its equipment than the other employees. The record also supports the

---

[1]*Banks v. Indus. Roofing and Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551.

[2]*Id.*

[3]*Id.* at 556.

[4]*Stobart v. State, Dep't of Transp. and Dev.*, 617 So2d 880 (La. 1993).

[5]*Guillory v. Overland Exp. Co.*, 01-419 (La.App. 3 Cir. 10/03/01), 796 So.2d 887.

workers' compensation judge's finding that Southwest controlled "what [Mr. Cormier] hauled, when he hauled it, how much he got paid for hauling it, [and] the destination of what he did haul" and that during normal business hours he, either, hauled scrap or worked in the yard for Southwest's benefit. In fact, Mr. Cormier fell off the crane after unloading a truck "that had nothing to do with his own hauling."

Southwest contends that this court's decision in *Guillory v. Overland Express Company*[6] is persuasive in that we found in *Guillory* that "a cargo hauling agreement created an independent contractor relationship." This is true. However, what distinguishes *Guillory* from the case at bar is the word "agreement." In *Guillory,* the independent contractor signed an "Independent Contractor Agreement."[7] On the contrary, Mr. Cormier signed no agreement. In fact, the workers' compensation judge concluded that his relationship "just never came up" until after the injury. Thus, our review of the record supports the workers' compensation judge's conclusions.

Southwest alleges that the workers' compensation judge erred by awarding total, temporary disability and medical reimbursement to Mr. Cormier. However, a thorough reading of the submitted briefs reveals no argument whatsoever in support of these specific assignments of error. Thus, pursuant to the Uniform Rules–Courts of Appeal, Rule 2-12.4, we consider them abandoned.

**REIMBURSEMENTS**

Further, Southwest objects to mileage reimbursements and medical expenses arising out of a March 14, 2003 visit to Dr. Stringfellow's office for neck and back pain. At this visit, Dr. Stringfellow referred Mr. Cormier to Open Air MRI, and on March 17, 2003, he underwent an MRI. Southwest contends these visits are unrelated to his January 14, 2002 injury. Mr. Cormier's counsel conceded at closing argument that "the back injury is - - not an issue today."

Because the judgment includes only those "medical bills resulting from the January 14, 2002 accident," we conclude that the mileage reimbursements and medical expenses for Dr. Stringfellow on March 14 and 17, 2003, and the medical

---

[6]*Guillory,* 796 So.2d 887.

[7]*Guillory*, 796 So.2d at 889.

4

expenses from the March 17, 2003 MRI are not part of the judgment on this claim and are, therefore, not Southwest's responsibility.

Southwest also objects to several mileage reimbursements for visits Mr. Cormier made to UMC. At trial, it introduced a "No Show Sheet," dated March 13, 2003, from UMC. However, Mr. Cormier testified that the "only time I remember not showing up to an appointment" is the day the hurricane "came through here," and that he did not submit a mileage reimbursement form for that day. Southwest also contends that Mr. Cormier stayed overnight at UMC for certain days he sought mileage reimbursement. However, the record provides conflicting evidence regarding if, and when, Mr. Cormier ever stayed overnight at UMC.

We conclude any conflicts in testimony, or other evidence, are credibility decisions within the workers' compensation judge's purview and, therefore, reject Southwest's objections to reimbursement.

**PENALTIES**

Southwest, also, objects to the workers' compensation judge's $2,000.00 award of penalties to Mr. Cormier and $10,000.00 award of attorney fees. These awards are factual which we reverse only if the workers' compensation judge's decision was manifest error.[8] The workers' compensation judge has great discretion in determining the amount of penalties and fees awarded.[9] Penalties or attorney fees are not to be awarded if the employer "reasonably controverts" the issue at trial;[10] if an employer chooses to bring a close issue to court, it should not be penalized.[11]

Southwest alleges it had a reasonable basis for denying Mr. Cormier's claims; therefore, it should not be penalized. However, given the record, the workers' compensation judge could reasonably have concluded that Mr. Cormier's status as an employee was not a close issue, therefore, Southwest did not reasonably controvert his allegation that he was an employee.

---

[8]*Guillory*, 776 So.2d 1200.

[9]*Miller v. Byles Welding and Tractor Co.,* 96-164 (La.App. 3 Cir. 6/5/96), 676 So.2d 668.

[10]La.R.S. 23:1201(F)(2).

[11]*Fontenot v. J.K. Richard Trucking*, 97-220 (La.App. 3 Cir. 6/4/97), 696 So.2d 176.

Finding no manifest error, we reject Southwest's argument.

Mr. Cormier argues the workers' compensation judge erred because it awarded him a $2000.00 penalty instead of 12% of the unpaid compensation. He maintains that the statute mandates the award must be the greater of these two amounts which would be 12% of Mr. Cormier's unpaid compensation. Because we analyze the penalties under the law in effect at the time the medical benefits were denied, we look at the statute prior to its August 15, 2003 amendment:[12]

> [f]ailure to provide payment in accordance with this Section...shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater ... however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.[13]

Since the statute requires the award of the higher penalty, we remand to the workers' compensation judge for calculation of 12% of the back compensation owed as the record is not clear concerning the time period for calculation.

### MEDICAL TREATMENT

Mr. Cormier alleges the workers' compensation judge erred by not penalizing Southwest for failing to provide medical treatment. Specifically, he maintained at trial that "he didn't have an option to see a doctor of his choice...because Southwest refused to pay." Thus, he was forced to go to a charity hospital for treatment. Injured employees have a right to seek medical treatment from a physician of their choice.[14] There is no evidence in the record disputing his claim that Southwest denied his request to see Dr. Morrow.

As the supreme court has noted, "a penalty...can be imposed for the failure to authorize treatment except where 'the claim is reasonably controverted.'"[15] Because

---

[12]*Skipper v. Acadian Oaks Hosp.,* 00-67 (La. App. 3 Cir. 5/3/00), 762 So.2d 122.

[13]La.R.S. 23:1201(F) (amended 2003)

[14]*Johnson v. T.K. Stanley*, 00-1000 (La. App. 3 Cir. 2/28/01), 781 So.2d 760.

[15]*Authement v. Shappert Eng'g,* 02-1627, p.8 (La. 2/25/03), 840 So.2d 1181, 1186.

6

the workers' compensation judge concluded that the Southwest failed to reasonably controvert Mr. Cormier's claim, we award a penalty of $2000.00 for failing to authorize medical treatment.

**LEGAL INTEREST**

Turning next to Mr. Cormier's allegation that the hearing officer erred by failing to award legal interest. Louisiana Revised Statute 23:1201.3(A) provides that "[a]ny compensation awarded...shall bear judicial interest from the date compensation was due;" therefore, imposition of interest is required on compensation.[16] Accordingly, we amend the judgment to include legal interest beginning on the date compensation was due.[17]

Louisiana Code of Civil Procedure Article 1921 provides that "[t]he court shall award interest in the judgment as prayed for or as provided by law." We note here that Mr.Cormier prayed for interest in the court below and before this court. Therefore we award him interest.[18] Interest on attorney fees and penalty fees begins at the time of judgment.[19]

**\* \* \*\***

**CONCLUSION**

Because we conclude that the workers' compensation judge did not err when it found Mr. Cormier was an employee, we affirm its judgment, amending only to award interest and a penalty for failing to provide medical treatment. We remand to the workers' compensation judge for proper calculation of penalties for failure to provide compensation payments.

---

[16]*See Mitchell v. Brown Builders, Inc.*, 35,022 (La.App. 2 Cir. 8/22/01) 793 So.2d 508, 520, *writ denied*, 01-2649 (La. 12/14/01) 804 So.2d 636.

[17]*See McLaughlin v. Hill City Oil Co.,* 97-577 (La. 3 Cir. 10/08/97), 702 So.2d 786, *writ denied,* 97-2797 (La. 2/13/98), 706 So.2d 994.

[18]*See Smith v. Quarles*, 04-0179 (La. 10/29/04), 2004 WL 2416155.

[19]*Sharbono v. Steve Lang & Sons Loggers,* 97-0010 (La. 7/1/97), 696 So.2d 1382.

**AFFIRMED AS AMENDED AND REMANDED.**