# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**22-260**


**WILSON SENEGAL**

**VERSUS**

**KERRVILLE TOURS, INC. AND**
**PACIFIC EMPLOYERS INSURANCE COMPANY**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 21-02206
HONORABLE JONATHAN W. BROWN
WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


## CHARLES G. FITZGERALD
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Chief Judge, and Charles G. Fitzgerald and Gary J. Ortego, Judges.


**AFFIRMED.**


Cooks, Chief Judge, concurs and assigns reasons.

**Michael B. Miller**
**Post Office Box 1630**
**Crowley, Louisiana  70527**
**(337) 785-9500**
**Counsel for Plaintiff/Appellant:**
**Wilson Senegal**

**Kathleen W. Will**
**Thomas Michael Ruli**
**Juge, Napolitano, Guilbeau, Ruli &**
**Frieman, APLC**
**3320 West Esplanade Avenue North**
**Metairie, Louisiana  70002**
**(504) 831-7270**
**Counsel for Defendants/Appellees:**
**Kerrville Tours, Inc. and**
**Pacific Employers Insurance Company**

**FITZGERALD, Judge.**

Before the court in this workers' compensation case is the question of whether an employee has a vested right to penalties under LSA R.S. 23:1202(F) at the time of the work-related injury or whether the right arises upon a violation of the statute. The amount of attorney fees has also been appealed.

## FACTS AND PROCEDURAL HISTORY

In 1997, Wilson Senegal was involved in two workplace accidents which resulted in injuries to his right eye and back. At that time, Mr. Senegal was employed by Kerrville Tours Inc. Kerrville's insurance carrier is Pacific Employers Insurance Company. By judgment signed on February 14, 2001, Mr. Senegal was awarded compensation benefits in the amount of $350.00 per week.

Twenty years later, in April 2021, Mr. Senegal filed a motion for penalties and attorney fees "for failure to properly pay weekly compensation benefits and 11 failures to properly pay for medical treatment (including mileage). One penalty for . . . failing to pay for medical treatment." These violations, according to Mr. Senegal, began in 2012. Kerrville and Pacific opposed the motion, and a hearing was held.

Ultimately, on February 11, 2022, the Worker's Compensation Judge (WCJ) entered judgment in favor of Mr. Senegal, awarding him $8,000.00 in penalties and $8,500.00 in attorney fees. Mr. Senegal appealed.

On appeal, Mr. Senegal asserts three assignments of error:

1. The workers' compensation judge erred in capping Mr. Senegal's penalties at $8,000.00 on his motion for penalties and attorney fees hearing.

2. The workers' compensation judge erred in failing to award all 12 penalties for failing to properly pay one medical and eleven mileage bills.

3. The workers' compensation judge erred in limiting the attorney fee award to $8,500.00.

## LAW AND ANALYSIS

### *First Assignment of Error*

Mr. Senegal initially asserts that the WCJ erred in capping the penalty award at $8,000.00. Because Mr. Senegal is challenging the WCJ's application of law, we review this assignment de novo.

Mr. Senegal's argument runs this way:

> On the date of Mr. Senegal's accidents [in 1997], he obtained a vested right to obtain penalties under LSA R.S. 23:1201(E), now LSA R.S. 23:1201(F). LSA R.S. 1201(E) was passed in 1995. Mr. Senegal's injuries were in 1997, after LSA R.S. 1201(E) was passed. LSA R.S. 1201(F) was amended in 2003 limiting the total amount of penalties under (F) to $8,000.00. However, the $8,000.00 limit cannot be applied to Mr. Senegal's claim. Mr. Senegal had a vested right starting on the date of his accident. Mr. Senegal had the right to obtain penalties due to the employer's failure to pay medical benefits, including mileage properly, without any limitations whatsoever.[1]

The same argument was made and rejected in *Lambert v. Brookshire Grocery Co.*, 06-1001 (La.App. 3 Cir. 12/20/06), 945 So.2d 918. There, a different panel of this court provided the following statement of law:

> In *Maricle v. Sunbelt Builders, Inc.*, 05-398, p. 11 (La.App. 3 Cir. 11/2/05), 916 So.2d 1226, 1234, *writ denied*, 05-2506 (La.3/31/06), 925 So.2d 1261, this court explained that "Louisiana Revised Statute[s] 23:1201(F) was amended by the legislature by 2003 La. Acts No. 1204, § 1, to expressly provide for multiple penalties and to place a cap on the amount of penalties which may be awarded at $8,000.000 [sic]. The effective date of the legislative amendment was August 15, 2003." As the amendment to La.R.S. 23:1201(F) is "a change in the law[, it] must be given substantive effect[;]" therefore, it applies prospectively only. *Id*. at 1235; La.Civ.Code art. 6. Furthermore, the jurisprudence is clear that "*the provisions of the statute in effect at the time of the withholding of benefits control the award of penalties and attorney fees.*" *Smith v. Roy O. Martin Lumber Co.*, 03-1441, p. 13 (La.App. 3 Cir. 4/14/04), 871 So.2d 661, 670, *writ denied*, 04-1311 (La.9/24/04), 882 So.2d 1144. *See also Cormier v. Louisiana Southwest Scrap & Salvage*, 04-321 (La.App. 3 Cir. 12/1/04), 888 So.2d 1117; *Skipper v. Acadian Oaks Hosp.*, 00-67 (La.App. 3 Cir. 5/3/00), 762 So.2d 122; *Gay v. Georgia Pacific Corp.*, 32,653 (La.App. 2 Cir. 12/22/99), 754 So.2d 1101.

---

[1] Louisiana Revised Statutes 23:1201(F)—as amended by 2003 La. Acts No. 1204, § 1—states in relevant part that "[t]he maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars."

2

*Id.* at 932 (emphasis added).

Here, Mr. Senegal's right to penalties did not vest upon his being injured in 1997; it vested upon the statutory violations by Kerrville and Pacific. It is undisputed that these statutory violations occurred between 2012 and 2019. And during this period of time, La.R.S. 23:1201(F) limited the maximum amount of penalties available to Mr. Senegal to $8,000.00. Thus, the WCJ did not err in its application of La.R.S. 23:1201(F). Mr. Senegal's first assignment is without merit.

### Second Assignment of Error

In his next assignment, Mr. Senegal asserts that "if LSA R.S. 23:1201(F) does not apply, the parties stipulated Mr. Senegal is entitled to an additional $14,000.00 in penalties[.]" This assignment is now moot.

### Third Assignment of Error

In his third and final assignment, Mr. Senegal contends that the WCJ "erred in limiting the attorney fee award to $8,500.00." We review this assignment for an abuse of discretion. *Covington v. McNeese State Univ.*, 12-2182 (La. 5/7/13), 118 So.3d 343.

Louisiana Revised Statutes 23:1201(F) allows an award of attorney fees when an employer fails to timely pay medical expenses or authorize treatment. In *Romero v. Northrop–Grumman*, 01-24, p. 14 (La.App. 3 Cir. 5/30/01), 787 So.2d 1149, 1157, *writ denied*, 01-1937 (La.10/26/01), 799 So.2d 1144, we explained:

> While the legislature has set statutory limits on the amount of penalties which may be awarded, the legislature has made no such limitation on the amount of attorney fees which may be awarded. *See* La.R.S. 23:1201. The legislature's only mandate is that such attorney fees be reasonable. In setting reasonable attorney fees, the supreme court has advised us to consider "the degree of skill and ability exercised, the amount of the claim, and the amount recovered for the plaintiff, and the amount of time devoted to the case." *Naquin v. Uniroyal, Inc.*, 405 So.2d 525, 528 (La.1981).

The WCJ awarded attorney fees in the amount of $8,500.00. Mr. Senegal argues that the fee award should have been $11,850.00. In support, he points to the documentation submitted to the WCJ showing hours worked and an hourly rate.

3

However, based on our review of the record, the WCJ did not abuse its discretion, and the award of attorney fees is affirmed.

## DISPOSITION

The judgment of the Workers' Compensation Judge is affirmed. All costs of this appeal are assessed to Wilson Senegal.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

22-260

WILSON SENEGAL

VERSUS

KERRVILLE TOURS, INC. ET AL

**COOKS, Chief Judge, Concurs.**

The majority's reliance on past jurisprudence of this court and other circuits is well-founded. Although I am moved by Plaintiff's argument that it is the law at the time of his injury which should apply because to do otherwise would divest him of vested rights, I am constrained to agree with the majority. Our supreme court has clearly held that attorney fees and penalties are penal in nature and intended to deter an errant employer's bad behavior. Such provisions do not form part of a workers' compensation claimant's right to compensation intended to make the claimant whole. That right unquestionably arises at the time of injury.

In *Sharbono v. Steve Lang & Son Loggers,* 97-0110 pps. 5-6, (La. 7/1/97), 696 So. 2d 1382, 1385–86, the supreme court held:

> The "generally prevailing meaning" of the word "compensation," as used in the statute, would not include attorney's fees and penalties. *See Broussard v. U.S. Fire Ins. Co.,* 96–668 (La.Ct.App.3d Cir. 12/11/96), 685 So.2d 494 ("We do not find that a strict construction of the term 'compensation' encompasses penalties and attorney's fees."). Further, attorney's fee awards and penalty awards are not intended to "compensate" a plaintiff and thereby make him whole, but rather to discourage certain behavior(s) on the part of the offending party. In this case, the discouraged behavior is employers', and employers' insurers', indifference toward injured employees. *Hood v. C.J. Rogers, Inc.,* 94–1162 (La.App.3d Cir. 3/8/95), 654 So.2d 371; *Lutz v. Jefferson Parish Sch. Bd.,* 503 So.2d 106 (La.Ct.App. 5th Cir.1987).
>
> It is clear that fees and penalties are not "compensation" within the meaning of the statute.

1

Again, in *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03), 836 So. 2d 14, 25, the supreme court explained that the attorney fee and penalty provisions in La.R.S. 23:1201 " 'are not intended to make the worker 'whole' but rather to discourage specific conduct on the part of the employer.' *Haynes,* 805 So.2d at 231(quoting *Gay v. Georgia Pacific Corp.,* 32,653 (La.App. 2 Cir. 12/12/99), 754 So.2d 1101); *see also Sharbono,* 696 So.2d at 1386."

While I applaud Plaintiff's counsel's valiant effort, I am constrained to follow the settled law. Perhaps another try at the supreme court might prove successful, though the odds are high.