633 So.2d 380 (1994)
Keith PRUDHOMME, Plaintiff-Appellant,
v.
IBERVILLE INSULATIONS, Defendant-Appellee.
No. 93-778.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Rehearing Denied April 7, 1994.
Thomas Joseph DeJean, Opelousas, for Keith Prudhomme.
*381 Edward Frank Stauss III, Scott H. Fruge, Baton Rouge, for Iberville Insulations.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
YELVERTON, Judge.
This appeal by the claimant in this worker's compensation case raises the issue of whether his second claim was properly dismissed on an exception of res judicata.
Prudhomme worked for Iberville Insulations, Inc. in Baton Rouge. He lived in Port Barre, some 70 miles away. He had an accident on the job on November 12, 1991. He saw a number of doctors and received physical therapy treatments. He was released to light-duty work by his doctors. Full benefits were paid until June 8, 1992. It was when his doctors released him for light-duty work that his employer stopped paying benefits and, instead, offered him a modified light-duty job. A few days later, on June 19, 1992, he filed a claim for benefits. Although the claim form looked like it was a routine claim for any and all relief, when the matter went to trial in October 1992 the case had boiled down to a single issue. There was no issue as to whether he could resume his regular work. All doctors had released him to light-duty work only. The issue was whether Prudhomme could handle the modified job because of the necessity that he drive the 140 mile round trip between his home in Port Barre and the work site in Baton Rouge. He contended that it was not the modified job that bothered him, but the drive over and back, which caused too much pain in his back. The matter went to trial and on November 17, 1992, the hearing officer rendered a judgment dismissing the claim with prejudice. The brief reasons for judgment stated specifically that "the hardship of the drive to his light-duty job was something, in the opinion of the court, claimant could and should have endured." No appeal was taken from that judgment.
Instead, three weeks later, on December 10, 1992, Prudhomme filed another claim. Prudhomme argues that during this three week interval he attempted another try at work in the modified, light-duty job at Iberville Insulations, Inc. Also, he sought out a work-hardening program and physical therapy recommended by the doctors involved. He contends that not only did Iberville Insulations, Inc., withdraw the modified position, but they also refused the work-hardening and physical therapy programs. He contends that it was because of what happened during that three week interval that he filed the second worker's compensation claim.
To this claim the employer and its insurer, Aetna Casualty and Surety Company, filed an exception of res judicata. A different hearing officer heard the exception, granting it and rendering judgment dismissing the second claim. That is the judgment which is before us on this appeal.
In sustaining the plea of res judicata, the hearing officer believed:
That the claim for supplemental earnings benefits has already been litigated as well as the claim for continuing medical treatment which would include treatment through Dr. Mayer and any recommendations that he might have which would include physical therapy as well. So for that reason, the exception is sustained.
On this appeal, the claimant contends that the hearing officer at the first hearing specifically limited the issues at the outset of the trial, that the judgment rendered at the conclusion of the trial addressed only the issues as limited, and that it cannot be treated as res judicata of the right to pursue other issues in a later proceeding. This argument has merit. For reasons which follow we reverse and remand.
The res judicata statute, La.R.S. 13:4231 as amended effective January 1, 1991, states in part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * * * * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the *382 subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
As stated in the comments to this statute, the amendment made a substantial change in the law. Prior to January 1, 1991, a second action was barred by the defense of res judicata only when the plaintiff sought the same relief based on the same cause or grounds. Under new La.R.S. 13:4231 the second action is barred if it arises out of the transaction or occurrence that was the subject matter of the litigation. According to the comments, the new law provides a broader application of res judicata, the purpose being to foster judicial efficiency and also to protect the defendant from multiple lawsuits.
La.R.S. 13:4232 provides exceptions to the general rule of res judicata. Subsection (3) of Section 4232 declares that a judgment does not bar another action by the plaintiff when the judgment reserved the right of the plaintiff to bring another action. The question that we must ask in this case is whether the express limitation by the hearing officer of the scope of the hearing at the first trial was, in effect, a reservation to the plaintiff of the right to bring another action for those matters not included in the scope of the first hearing. We believe that it was, especially when we examine this worker's compensation case in the light of the rule that the Act must be construed liberally in favor of the employee.
The claimant's exhibit No. 1 in evidence is a transcript of the opening colloquy between the attorneys and the hearing officer at the first hearing. The hearing officer announced his understanding of the issue before him in the following words:
All right, that he has notthat he has chosen not to accept the employment because the seventy miles allegedly is too far for him to drive because of his physical condition as a result of the work related incident. The claimant is alleging that he tried to perform this work, that he tried the driving but could not do it. The defendant, as I understand it, states that, well, under the law the distance from his home to the job is not a relative [sic] factor, Number one, Number two, that in fact he canhe is of the physical condition where he can drive the seventy miles to and from work and that they may have the proof to show it. Is there anything else? And I think we can even go further that all the doctors have stated he can do the light-duty work, I don't even think the claimant is alleging he cannot do the light-duty work. The only part about the job which the claimant is alleging is the reason why he cannot do the work is because of the distance involved....
* * * * * *
As a result of this the claimant is alleging that he is entitled to S.E.B. and I would assume would be the full amount to which he would be entitled to because there is no other.
After this the matter proceeded to trial. Some of the record of the first hearing, but not all of it, is in evidence. For example, the live testimony of the claimant and Dr. Mayer at the hearing is not transcribed and is not before us. We have only depositions and medical reports. Accordingly, we had little help from this record in determining what the issues were. The post-hearing briefs, however, taken together with the above remarks of the hearing officer, make the issue clear.
In his post-trial letter memorandum the claimant addressed the issue as earlier defined by the hearing officer. The claimant ended his argument by urging that the job that was tendered to him required him to drive from his home to his employer's place of business seventy miles away, that he could not do that because of back problems, and therefore, the modified job was work which he was physically not able to perform. The argument concluded with the assertion that Prudhomme was entitled to SEB benefits from the date of his termination, continuing until a showing was made that he was physically able to do work that had been offered or tendered to him. Additionally, he argued that the work tendered was premature as all three doctors had recommended physical therapy or a work-hardening program, which would make a release to work impossible. As stated earlier, the brief reasons for judgment *383 gave a credibility explanation of why the hearing officer believed that the claimant could and should be able to drive to his light duty job, and that was it.
What we are dealing with in this case is the simple question of whether this claimant has had his day in court. The record quite clearly indicates that he has not. The only hearing he has ever been given was limited to the issue of whether driving back and forth from Port Barre to Baton Rouge was so unendurable that he could not hold down the modified job, and was therefore entitled to Supplemental Earnings Benefits. The hearing officer decided that the drive was not hurting him that much, that he could hold down the job, and that was the end of the hearing.
This ruling can hardly be translated into a ruling to which res judicata might attach, i.e., that the claimant suffered no disability from his job related accident. Disability was not an issue at all. All three doctors had released Prudhomme to light-duty work only, and the modified job he had been offered by the employer was a light-duty job.
Judgment in worker's compensation cases are treated different than ordinary judgments. Gary v. H B Zachry Co., Inc., 631 So.2d 671 (La.App. 3d Cir.1994). A good argument could be made in the present case that, even if we were to conclude that the first decision addressed the merits of disability, we could remand and order that the second claim be now treated as an application for modification, six months having passed since it was filed, under La.R.S. 23:1331. See Disotell v. Wadsworth-Golf Const. Co., 500 So.2d 371 (La.1987). We mention this possibility merely to demonstrate the liberality with which worker's compensation claims are viewed. We do not, however, regard this second claim as an application for modification.
The present case is being decided as it is simply because we find that the res judicata statute does not apply; one of its exceptions applies. By limiting the issues at the first hearing, the hearing officer reserved to the claimant the right to bring another action. He is entitled to a full hearing of his worker's compensation claim. All that was precluded by the first judgment was the limited issue of his ability to handle the roundtrip drive from Port Barre to Baton Rouge.
For the foregoing reasons, the judgment maintaining the plea of res judicata is reversed and set aside. The case is remanded to the trial court for a full hearing on the merits of whatever benefits the claimant may prove himself entitled under the Worker's Compensation Act. The defendants will pay the costs of this appeal.
REVERSED AND REMANDED.