770 So.2d 819 (2000)
Jeffrey HARVEY, Plaintiff-Appellee,
v.
B E & K CONSTRUCTION, Defendant-Appellant.
No. 33,475-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
Opinion on Rehearing October 4, 2000.
*820 Breaud & Lemoine by Andrew H. Meyers, Lafayette, Counsel for Appellant.
Street & Street by C. Daniel Street, Monroe, Counsel for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
CARAWAY, J.
The single issue presented by this workers' compensation ruling is whether an *821 award of $6,000 in attorney fees was excessive. For the reasons that follow, we amend the judgment of the Workers' Compensation Judge (WCJ) by reducing the award to $2,500. We also reject the additional $1,500 in attorney fees sought by plaintiff for this appeal.

Facts
Plaintiff, Jeffrey Harvey ("Harvey"), was injured in March 1994 while in the course and scope of his employment with defendant, B E & K Construction Company ("BE & K"). Harvey's workers' compensation claim was litigated, a judgment was rendered in his favor, and that judgment was affirmed on appeal. See Harvey v. B E & K Construction, 30,825 (La. App.2d Cir.8/19/98), 716 So.2d 514. By November 1998, BE & K had necessary information concerning Harvey's earnings, but failed to pay benefits in a timely fashion. Harvey filed a claim for compensation in January 1999, seeking not only supplemental earning benefits, but also penalties and attorney fees for late payment of benefits. After a mediation conference and the enrollment of new counsel for BE & K, BE & K agreed to pay supplemental earning benefits, but not penalties and attorney fees. Trial on the issues of penalties and attorney fees was scheduled for August 26, 1999, and approximately a week before trial, BE & K indicated that it would stipulate to liability for penalties and attorney fees. Although the parties agreed to a penalty of $2,500, a hearing was held to resolve the amount of the award for attorney fees.
At a hearing on the matter, Harvey introduced four exhibits into evidence. The first was a November 2, 1998 letter from BE & K's counsel enclosing copies of earning forms for completion by Harvey. The letter stated that as soon as BE & K received the completed forms, it would forward him the appropriate supplemental earning benefits checks. The second exhibit was a letter by Harvey's counsel dated November 18, 1998 to BE & K enclosing the monthly report forms and attaching check stubs to each form. The third exhibit was a check dated March 30, 1999, paid by BE & K's insurer to Harvey in the amount of $24,690.60. The last exhibit consisted of a copy of the original judgment and notice of judgment from August 1997. While these exhibits showed the prior events in the litigation for which BE & K admitted that it should be penalized, no evidence concerning the amount of time expended by Harvey's attorney was introduced.
Harvey also asserted that after the pretrial conference, for reasons unknown, BE & K's counsel sent Harvey's counsel a set of interrogatories and request for production "like she had never even heard the claim before." Counsel argued that he "had to spend hours and hours answering those things and sending them back" and stated that this discovery made no sense to him because the only issues remaining concerned penalties and attorney fees.
At the conclusion of the hearing, the trial court gave oral reasons for judgment. After going over the factual history of the case, the court found BE & K to be arbitrary and capricious with respect to payment of supplemental earning benefits, and noted that the parties already stipulated to a penalty of $2,500. With respect to attorney fees, the trial court stated:
The Court is going to award attorney fees in this matter, not necessarily based on the time spent by the claimant's attorney, but in compliance with jurisprudence as set out by our appellate courts as a penalty against BE & K Construction for their failure to comply with the judgment previously rendered, and for their failure to comply with the requirements of the Workers' Compensation Act. Attorney fees are awarded in this case in the amount of Six Thousand Dollars ($6,000).

Discussion
When compensation is not paid to an injured employee in accordance with *822 the provisions of the statute, the provisions of La. R.S. 23:1201(F)[1] call for the assessment of a penalty, together with reasonable attorney fees. A WCJ has great discretion in the award of attorney fees and penalties, and a decision concerning the award of attorney fees will not be disturbed absent an abuse of discretion. Ward v. Phoenix Operating Co., 31,656 (La.App.2d Cir.2/24/99), 729 So.2d 109. There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered. Bagwell v. Bagwell, 29,756 (La.App.2d Cir.8/20/97), 698 So.2d 746, 749; see also Derouin v. Champion Ins. Co., 580 So.2d 1043, 1046 (La.App. 3d Cir.1991), writ denied, 585 So.2d 574 (La.1991) and DeVillier v. DeVillier, 602 So.2d 1093, 1096 (La. App. 1st Cir.1992).
However, in Ward, supra, we stated that the provisions of La. R.S. 23:1201(F) permit only the imposition of a reasonable attorney fee. We also stated that the factors to be considered in imposition of attorney fees in workers' compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. In Ward, supra, we reduced a $4,000 attorney fee award to $2,500. The $4,000 award was not based on the complexity of the case or the time and effort spent by counsel, but instead was erroneously assessed as a punitive measure against the defendants for failing to communicate with the plaintiff.
Concerning the award of attorney fees, the Louisiana Supreme Court has held that our state constitution confers upon it the power to regulate the practice of law, which includes the regulation and control of the award of attorney fees by the courts. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). The court noted that the Code of Professional Responsibility is the most exacting of laws established for the public good, and the Code prohibits the collection of "clearly excessive fees." Id. at 219. Notwithstanding even a statutory attempt to fix an award for attorney fees, whether punitive or otherwise, the courts may inquire into the reasonableness of such a fee. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987).
On the other hand, Harvey asserts that the egregious nature of the conduct of a defendant is a proper factor in fixing the amount of attorney fees. Harvey cites the *823 case of Britton v. The City of Natchitoches, 97-1038 (La.App. 3d Cir.2/11/98), 707 So.2d 142, writ denied, 98-1203 (La.6/26/98), 719 So.2d 1057, where the court held that the amount of the award for attorney fees should be measured in relation to the culpability or bad faith exhibited by the offending worker's compensation employer. Yet, compare Rideaux v. St. Landry Parish School Board, 97-1616 (La.App. 3d Cir.4/8/98), 711 So.2d 819, writ denied, 98-1274 (La.6/26/98), 719 So.2d 1060.
We reject the idea that the culpability or bad faith of a party is a factor that can be used to justify an attorney fee award in excess of a reasonable fee based upon the above listed factors. Although culpability and bad faith may indirectly increase the amount of attorney fees by requiring a plaintiff's attorney to do more work than otherwise would be necessary, we reaffirm our holding in Ward, supra, that while the award of attorney fees is a type of penalty for the behavior being punished, the amount of the attorney fee award must be assessed in accordance with law, i.e., the fee must be reasonable.
The case now before us bears many similarities to Ward, supra. Like Ward, this case involves neither complex issues nor an unusual amount of preparation time. In addition to a one-hour mediation hearing, there was discovery apparently consisting only of one set of interrogatories and request for production propounded by BE & K to Harvey. Moreover, one might question whether or not answers to this discovery could have been avoided under the circumstances by contacting BE & K's counsel. We note that no copies of the discovery requests are in the record, and we have no reason to believe that the requests were anything other than routine. The hearing for this matter consisted essentially of introduction of the four exhibits and argument by counsel. Moreover, the letters introduced into evidence do not show that a large of amount of time was consumed by Harvey's counsel in gathering the information supplied by Harvey to BE & K.
After reviewing this record in its entirety, we conclude that the WCJ abused her discretion by awarding $6,000 in attorney fees for this case which essentially required no trial and which could be handled by the attorney in less than ten hours of time. Accordingly, we hereby reduce the award for attorney fees from $6,000 to $2,500 based on the factors as enunciated in Ward, supra. Because we award significant relief to appellant, we hereby reject appellee's request for additional attorney fees.

Conclusion
For the reasons set forth above, the WCJ's judgment is amended by reducing the attorney fee award from $6,000 to $2,500. The appellee's request for additional attorney fees is denied. As amended, the judgment is hereby affirmed, and costs of this appeal are to be borne equally by the parties.
AMENDED, AND AS AMENDED, AFFIRMED.
BROWN, J., concurs in the results.
Before BROWN, WILLIAMS, STEWART, CARAWAY, and DREW, JJ.

ON REHEARING
BROWN, J., On Rehearing.
In Harvey v. B E & K Construction, 30,825 (La.App.2d Cir.08/19/98), 716 So.2d 514, this court affirmed the WCJ's ruling that Harvey was entitled to temporary total disability benefits from December 1994 to May 1995 and to supplemental earnings benefits from May 1995. We likewise affirmed an award of penalties and attorney fees, finding that "BE & K presented no evidence to show a legitimate contravention of Harvey's claim." BE & K paid the disability benefits but not the supplemental earnings benefits. By November 1998, BE & K had all the information necessary to pay Harvey. Even so, BE & K did not pay the benefits.
*824 This action to collect the supplemental earnings benefits, penalties and attorney fees was filed on January 21, 1999. At a mediation conference held on February 4, 1999, BE & K agreed to pay; however, it did not do so until March 30, 1999. Even after paying the benefits, BE & K continued to dispute that it was responsible for penalties and attorney fees and served interrogatories on plaintiff's attorney. A week before the August 1999 hearing on the question of penalties and legal fees, BE & K admitted liability for these sanctions. The amount of penalties was agreed upon and trial proceeded on the issue of attorney fees. The WCJ awarded $6,000 in attorney fees. BE & K's only objection is to the amount.
On reconsideration, we agree that the employer's indifference in paying the court-ordered compensation was egregious and the delay clearly injured plaintiff. Even after plaintiff instituted legal action, BE & K continued in its refusal to pay. Initially, this court did not give any weight to the amount of the recovery. The $24,690 recovered in supplemental earnings benefits is a factor in determining attorney fees. Further, BE & K's bad faith increased the work required of plaintiffs attorney, who had to prepare and file a petition, prepare for and attend mediation, answer unnecessary discovery, prepare for trial and try the case. We cannot now say that the award in this case was "unreasonably" high. We therefore affirm and award additional attorney fees of $1,000 for this appeal.
IT IS ORDERED, ADJUDGED and DECREED that the judgment of the WCJ be affirmed and that an additional amount of $1,000 in attorney fees for this appeal be awarded to plaintiff. All costs are to be paid by defendant.
CARAWAY, J., dissents for the reasons assigned in the original opinion.
NOTES
[1] La. R.S. 23:1201(F) states:

F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance.