# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1288

SIMS RACHAL

VERSUS

GOOD NEIGHBOR GLASS, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 02-07294
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

### OSWALD A. DECUIR
### JUDGE

**********

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**

**Robert D. Hoover**
**Matthew W. Tierney**
**1737 Oakdale Drive**
**Baton Rouge, LA 70810**
**(225) 767-4880**
**Counsel for Defendant/Appellant:**
    **Good Neighbor Glass, Inc.**

**Jay A. Pucheu**
**Attorney at Law**
**P. O. Box 310**
**Marksville, LA 71351**
**(318) 253-5080**
**Counsel for Plaintiff/Appellee:**
    **Sims Rachal**

**DECUIR, Judge.**

Defendant appeals a workers' compensation judgment awarding claimant penalties and attorney fees. Claimant answers seeking additional penalties and attorney fees.

## FACTS

It is undisputed that on or about October 23, 2001, Sims Rachal was injured in the course and scope of his employment with Good Neighbor Glass, Inc. On September 23, 2002, Rachal filed a disputed claim seeking penalties and attorney fees for the defendant's arbitrary and capricious denial of physical therapy, an EMG/NCV, and a neurological exam by Dr. Domingue. The workers' compensation judge awarded $2,000.00 in penalties and $3,000.00 in attorney fees for the denial of physical therapy. The workers' compensation judge considered the EMG/NCV and neurological exam by Dr. Domingue as one issue and awarded $2,000.00 in penalties and $3,000.00 in attorney fees for denial of those services.

Appellant contends the workers' compensation judge erred in awarding penalties and attorney fees in both instances. In the alternative, Appellant argues that the award of attorney fees is excessive. Claimant answered alleging the workers' compensation judge erred in combining the neurological exam and EMG/NVC request and should have awarded separate penalties and attorney fees for the denial of each. In addition, claimant seeks additional attorney fees for this appeal.

## DISCUSSION

When an employer refuses to authorize medical treatment, which is reasonable and necessary, penalties and fees are warranted. *Authement v. Shappert Engineering,* 02-1631 (La. 2/25/03), 840 So.2d 1181. Dr. Blanda, Rachal's treating orthopedist, recommended that he undergo physical therapy and Rachal received that therapy from May 13, 2002 until July 10, 2002, when the physical therapist discharged him pending

further medical orders. Defendant claims that its utilization review group, Network Synergy Inc., sought proof of medical necessity for continued physical therapy from Dr. Blanda. They contend the denial of benefits was based on the lack of a response from Dr. Blanda. There is no evidence of this request in the record nor any indication that Dr. Blanda ordered the physical therapy discontinued.

On June 11, 2002, Dr. Blanda indicated that surgery was warranted and requested the neurological exam by Dr. Domingue and a EMG/NCV. Defendant contends that since claimant had previously seen Dr. Gidman and he had not requested these tests, a dispute existed between the doctors and they properly requested a state IME. Claimant went to Dr. Gidman again, and Dr. Gidman recommended surgery. Subsequently, defendant approved the surgery. Defendant never asked Dr. Gidman for an opinion as to the necessity of the EMG/NCV. Instead they assumed that because Dr. Gidman recommended surgery that the test was not necessary. Defendant made this assumption in spite of the fact that Dr. Blanda had made the same recommendation when he ordered the tests. Defendant never authorized the tests and belatedly approved additional physical therapy.

An employer may escape liability for its delays in providing medical benefits if (1) its nonpayment stemmed from conditions over which the employer had no control, or (2) the employer reasonably controverted the employee's right to such compensation or medical benefits. La.R.S. 23:1201(F)(2). Defendant offered no reasonable explanation for its delay in providing the requested services. The adjuster, Mike Caillet, testified at trial that he did not provide authorization because there was a dispute between Drs. Gidman and Blanda on treatment in one case, and Dr. Blanda failed to provide evidence of medical necessity in the other. As stated above, Caillet's testimony was not supported by the evidence in the record.

2

After a thorough review of the record, we find no information warranting defendant's denial of services. An employer who fails to properly investigate an employee's compensation claim subjects itself to statutory penalties and attorney fees. *Nelson v. Roadway Exp., Inc.*, 588 So.2d 350 (La.1991). There must be a real or substantial issue to deny benefits to a disabled employee. *Id.* The only reason offered by defendant to explain this is the testimony of Caillet that he did not authorize the physical therapy because the doctor's office or healthcare provider did not call for authorization. However, he produced no evidence that Dr. Blanda authorized discontinuing the therapy. With regard to the other tests, Caillet indicated that he had seen Dr. Blanda's written report stating the need for tests, but he presumed there was a conflict between the doctors and, therefore, denied the services.

The purpose of workers' compensation penalty statutes is to discourage employers from assuming attitudes of indifference toward injured employees. *Eaton v. General Accident Group*, 292 So.2d 773 (La.App. 4 Cir. 1974). Defendant's behavior is a prime example of the behavior that workers' compensation penalties are designed to discourage.

The appropriate standard of review to be applied by the appellate courts in determining whether a defendant should be cast with penalties and attorney fees is the "manifest error--clearly wrong standard." *Authement*, 840 So.2d 1181. Accordingly, we find that the workers' compensation judge was not manifestly erroneous or clearly wrong in awarding penalties and attorney fees to Rachal. The workers' compensation judge was clearly correct and, therefore, we affirm the $4,000.00 penalty defendant was ordered to pay Rachal and also affirm the award of attorney fees in the amount of $6,000.00 to be paid to Rachal's attorney.

## REQUEST FOR ADDITIONAL PENALTIES
## AND ATTORNEY FEES

Rachal contends the workers' compensation judge erred in combining the requested exam by Domingue and the EMG/NCV for penalty purposes. The workers' compensation judge indicated that he did so because Dr. Domingue would be conducting the exam and tests. We find no manifest error in that determination. This assignment lacks merit.

Rachal has also requested an additional award of attorney fees for work performed on this appeal. A workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/carrier's unsuccessful appeal. *Hickman v. Allstate Timber Co.*, 94-1275 (La.App. 3 Cir. 4/5/95), 653 So.2d 154, *writ denied*, 95-1133 (La. 6/23/95), 656 So.2d 1017. Accordingly, we award an additional $1,500.00 in attorney fees for the successful handling of this appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. Appellant is taxed with all costs of these proceedings and ordered to pay an additional $1,500.00 in attorney fees to claimant's counsel for defense of this appeal.

**AFFIRMED AS AMENDED.**

4