STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1540


PAMELA METOYER

VERSUS

ROY O. MARTIN, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 01-04930
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

ON REHEARING

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, Michael G. Sullivan, and J. David Painter, Judges.

Amy, J., dissents and assigns reasons.

Sullivan J., dissents from the reinstatement of the award of attorney fees, subscribing to this court's analysis of that issue on original hearing.

REHEARING GRANTED; JUDGMENT REINSTATED IN PART.

John Fayne Wilkes, III
P. O. Box 4305
Lafayette, LA 70502-4305
Counsel for: Defendant/Appellant
    Roy O. Martin Lumber Co., Inc.

George Arthur Flournoy
P. O. Box 1270
Alexandria, LA 71309-1270
Counsel for: Plaintiff/Appellee
    Pamela A. Metoyer

PAINTER, Judge.

This case comes before us pursuant to the Plaintiff's Petition for Rehearing regarding this court's rulings concerning the exception of res judicata and the award of multiple attorney's fees. Upon reconsideration, we find merit in the petition and grant a rehearing.

RES JUDICATA

Ms. Metoyer asserts that this court erred in granting Martco's exception of res judicata. We agree.

By its exception, Martco contends that Ms. Metoyer's claims for incorrect and untimely payments in January, June, and July 1999 are barred by res judicata because they were the subject of a judgment rendered in August 1999. Ms. Metoyer asserts that the Judgment of Dismissal rendered in August 1999 under docket number 99-0549 addressed only Martco's first untimely payment of benefits for the period from December 27, 1998 through January 3, 1999, and that other incorrect or untimely payments were not concluded by that judgment. She alleges that additional incorrect or untimely payments were made for the period of January 4, 1999 through January 10, 1999, which paid only five days compensation, and for June 26, 1999 through July 2, 1999, which was made six days late.

La.R.S.13:4231 provides with regard to res judicata that:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are

1

extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The first circuit in *Lee v. Twin Bros. Marine Corp.*,03-2034, pp. 4-5 (La.App. 1 Cir. 9/17/04), ___ So.2d ___, explained the application of the doctrine of res judicata:

> The purpose of *res judicata* is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. *Avenue Plaza, L.L.C. v. Falgoust,* 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079. The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. *Diamond B. Const. Co. v. Dept. of Trans & Dev.,* 02-0573, p. 8 (La.App. 1st. Cir.2/14/03), 845 So.2d 429, 435. The doctrine of *res judicata* is *stricti juris* and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved. *Domingue ex rel. Domingue v. Allied Discount Tire and Brake, Inc., 2002-1338* (La.App. 1st Cir.5/9/03), 849 So.2d 690, 695, *writ denied,* 2003-1605 (La.10/3/03), 855 So.2d 320. A final judgment has the authority of a thing adjudged only as to those issues presented in the pleadings and conclusively adjudicated by the court. *Ins. Associates, Inc. v. Francis Camel Const.,* 95-1955, p. 3 (La.App. 1st Cir.5/10/96), 673 So.2d 687, 689. Identification of issues actually litigated shall be determined not solely from the pleadings but also by examining the entire record in the first suit. *Ebey v. Harvill,* 26,373, p. 3 (La.App. 2nd Cir.12/7/94), 647 So.2d 461, 464.

Further, as noted by this court in *Prudhomme v. Iberville Insulations*, 93-778, p. 4 (La.App. 3 Cir. 3/2/94),633 So.2d 380, 382, the doctrine of res judicata must be applied to workers' compensation "in light of the rule that the Act must be construed liberally in favor of the employee."

Our review of the trial record of docket number 99-0549 convinces us that the only matters concluded by the judgments rendered under that docket number were Martco's first untimely payment of benefit for the period from December 27, 1998 through January 3, 1999 and the amount to be awarded in attorney's fees for that

2

failure to pay timely. Accordingly, we find that the only issue barred by res judicata is the late payment of benefits for the period from December 27, 1998 through January 3, 1999. As a result, we reinstate the trial court's judgment awarding penalties and attorney's fees for the periods of January 4, 1999 through January 10, 1999 and June 26, 1999 through July 2, 1999.

Alternatively, Martco argues that even if we find that Ms. Metoyer's claims are not barred by res judicata, she improperly expanded the pleadings to include the claims for incorrect or untimely payments made for the periods of January 4, 1999 through January 10, 1999 and June 26, 1999 through July 2, 1999. Martco asserts that in answers to interrogatories Ms. Metoyer indicated that incorrect or untimely payments during 1999 were not at issue, that Ms. Metoyer was not given permission to amend her pleadings and that her 2001 disputed compensation claim form asserts only failure to authorize medical treatments as the basis for that claim. We find these arguments to be unfounded.

In *Johnson v. Louisiana Container Co.*, 02-382 (La.App. 3 Cir. 10/2/02), 834 So.2d 1052, 1062, *writ denied*, 02-3099 (La. 5/9/03), 843 So.2d 394, the employer asserted that the employees' benefit calculation dispute should be limited to the period given in answer to interrogatories. This court refused to limit the scope of the litigation to that period, stating: "[I]t is within the trial court's discretion to admit or disallow evidence subject to an objection based upon the scope of the issues and pleadings. Furthermore, it is within the trial court's discretion to determine whether evidence is encompassed by the general issues raised in the pleadings." *Id.* at 1062 (citation omitted).

An examination of the record shows that Martco is incorrect in asserting that Ms. Metoyer's claim form advanced only a claim for failure to authorize medical

treatments. The July 11, 2001 disputed claim form reveals that Ms. Metoyer indicated both failure to authorize medical treatment and "other," which specifically includes non-payment or incorrect payment of indemnity benefits. Additionally, in its pre-trial statement, Martco listed non-payment or incorrect payment of disability benefits among the issues to be litigated. Accordingly, Martco cannot claim that they were surprised or unduly burdened by Ms. Metoyer's claims of incorrect or untimely payments. We find no abuse of discretion in the admission of evidence with regard to these matters.

ATTORNEY'S FEES

The Plaintiff urges that this court was incorrect in finding that La.R.S. 23:1201(J) may be applied retroactively. We agree.

"In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." La.Civ.Code art. 6. The Louisiana Supreme Court in *Sawicki v. K/S Stavanger Prince*, 01-0528, p. 8 (La. 12/7/01), 802 So.2d 598, 603, explained that:

> [S]ubstantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones; procedural laws are those which prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws; and interpretative laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted.

La.R.S. 23:1201(J) changes existing rights. Therefore, we find that it is substantive. Additionally, this court has previously held that La.R.S. 23:1201(J) is a substantive addition to the statute and, therefore, does not apply retrospectively so as to deny multiple awards of attorney's fees to cases which occurred before it was passed. In *Smith v. Roy O. Martin Lumber Co.*, 03-1441, pp. 12-13 (La.App. 3 Cir.

4

4/14/04), 871 So.2d 661, 670, *writ denied*, 04-1311 (La. 9/24/04), 882 So.2d 1144, the court explained the interpretation of the provision:

> The Louisiana Supreme Court in *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, 02-442, 02-478 (La.1/14/03), 836 So.2d 14, found La.R.S. 23:1201(F) provides multiple penalties and attorney fees for multiple violations of compensation and medical benefits claims.
>
> The Legislature subsequently added subsection J to La.R.S. 23:1201, effective July 3, 2003, which provides in pertinent part as follows:
>
> > J. Notwithstanding the fact that more than one violation in this section which provides for an award of attorney fees may be applicable, only one reasonable attorney fee may be awarded against the employer or insurer in connection with any hearing on the merits of any disputed claim filed pursuant to this Section . . .
>
> Martco argues the addition of subsection J should be applied retroactively and only one attorney fee award is allowable. However, in *Gay v. Georgia Pacific Corp.*, 32,653 (La.App. 2 Cir. 12/22/99), 754 So.2d 1101, it was held the provisions of the statute in effect at the time of the withholding of benefits control the award of penalties and attorney fees. *See also Skipper v. Acadian Oaks Hosp.*, 00-67 (La.App. 3 Cir. 5/3/00), 762 So.2d 122. Moreover, the enactment of Subsection J changes the law and thus has substantive effect. La.Civ.Code art. 6 provides that substantive laws apply prospectively only and cannot be given retroactive effect in the absence of contrary legislative expression. Since the denial of benefits and failure to pay medical expenses occurred prior to the enactment of subsection J, the WCJ did not err in making multiple awards of attorney fees.

Therefore, we find that La.R.S. 23:1201(J) has no effect on the awards of attorney's fees made in this case.

Martco has disputed the awards as unwarranted and excessive. The workers' compensation judge outlined his reasons for the awards made in his twenty-five pages of oral reasons for judgment. He has thoroughly explained the reasoning behind each award. In the light of the record herein, as well as the reasons given by the workers' compensation judge, we find that the court had a reasonable basis for concluding that the claim was not reasonably controverted. *See Cormier v. Louisiana Southwest*

5

*Scrap & Salvage*, 04-321 (La.App. 3 Cir. 12/1/04), 888 So.2d 1117. Further, "[a] WCJ has great discretion in the award of attorney fees and penalties, and a decision concerning the award of attorney fees will not be disturbed absent an abuse of discretion." *Harvey v. B E & K Const.*, 33,475, p. 3 (La.App. 2 Cir. 8/23/00), 770 So.2d 819, 822. "There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered." *Id*. However, La.R.S. 23:1201(F) requires that awards of attorney's fees be reasonable. "[F]actors to be considered in imposition of attorney fees in workers' compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case." *Id*. The record herein numbers seven volumes and shows evidence of the intensely contested claim before the court from January 1999 through the present. The trial court noted that it reviewed over ten thousand pages of documents in connection with the claim. The documents of record show a high degree of skill and a large amount of work devoted to this case by Plaintiff's counsel. Plaintiff's attorney has been successful in urging most of the large number of complex claims made and in making a substantial recovery on the part of his client, in the face of considerable opposition from the employer. We find the award of attorney's fees, as outlined in the reasons for judgment to be justified and reasonable. Therefore, we reinstate the trial court's award of attorney's fees.

CONCLUSION

We grant the application for rehearing and reinstate the trial court's judgment awarding penalties and attorney's fees for the periods of January 4, 1999 through

6

January 10, 1999 and June 26, 1999 through July 2, 1999 and its award of attorney's fees.

**REHEARING GRANTED; JUDGMENT REINSTATED IN PART.**

NUMBER 03-1540

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

PAMELA METOYER

VERSUS

ROY O. MARTIN, INC.

AMY, J., dissenting.

I respectfully dissent from the majority opinion. With regard to the res judicata issue, I find no error in the trial court's decision to maintain the exception. Insofar as they are relevant to the question of res judicata, La.R.S. 23:1201(F) and (J) were enacted subsequent to the conduct for which penalties and attorney's fees were awarded. However, La.R.S. 13:4231 was in effect at the time of the conduct at issue. Subsection (1) of that statute indicates that "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment." *See also* La.Code Civ.P. art. 425(A).

In *Jackson v. Iberia Parish Gov't*, 98-1810, p. 9 (La. 4/16/99), 732 So.2d 517, 524, the Louisiana Supreme Court discussed the application of La.R.S. 13:4231 in the context of a workers' compensation suit, noting that "inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so." Furthermore, I find it significant that the claims for penalties and attorney's fees are not ones over which the workers' compensation judge was required to exercise continuing jurisdiction due to the claimant's disability having changed. *See* La.R.S. 23:1310.8; *Jackson*, 732 So.2d 517. Rather, the claims were ones that could have been raised at the first hearing on the matter. Accordingly, I find that the exception of res judicata was properly maintained.

With regard to the attorney's fees, I conclude that the amendment to La.R.S. 23:1201(J) is interpretive in nature and, therefore, must be applied retroactively. In *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03), 836 So.2d 14, the Louisiana Supreme Court interpreted the language of La.R.S. 23:1201(F) to permit the award of multiple penalties. The interpretation of the language in Subsection (F) has been found to permit the award of multiple attorney's fees under the same subsection. *See Leonard v. James Indus. Constructors*, 03-40 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, *writ denied*, 04-1447 (La. 9/24/04), 882 So.2d 1139; *Smith v. Roy O. Martin Lumber Co.*, 03-1441 (La.App. 3 Cir. 4/14/04), 871 So.2d 661, *writ denied*, 04-1311 (La. 9/24/04), 882 So.2d 1144.

In my opinion, the enactment of Subsection J, which now clearly permits the recovery of only a single award for attorney's fees, is correctly viewed as interpretive. Therefore, it must be applied retroactively. I reach this conclusion as the amendment to the statute became effective in August 2003, only months after the supreme court's decision in *Fontenot*, which was released in January 2003.

In *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809 (La.1992), the Louisiana Supreme Court considered legislation enacted subsequent to supreme court decisions interpreting original legislation in a contrary way. Although subsequently enacted legislation was argued to be interpretive and in response to what was alleged to have been erroneous jurisprudence, the supreme court found no merit in the argument, concluding that the subsequent legislation in that case was substantive in nature. In doing so, the supreme court explained that among the considerations leading it to find that the amended legislation was a substantive change in the law, was its determination that the amendment was not a prompt response to the jurisprudence at issue. Instead, the amendment came two years after the final supreme court decision on the subject. Furthermore, the jurisprudence had been

developing for a period of ten years. The supreme court also noted that the legislation did not overturn a single decision of the court, but instead, overturned a developing line of cases and thus, could be considered to have overturned settled law.

Although the supreme court in *St. Paul* determined that the legislation before it was substantive in nature, in my opinion, the reasoning of *St. Paul*, applied to the facts of this case, indicates that the legislation now under consideration is interpretive. In the present case, *Fontenot* was rendered in January 2003 and the legislation at issue approved in July 2003. It became effective in August 2003. Furthermore, insofar as the award of multiple attorney's fees is concerned, *Fontenot* was not at the end of a developing line of jurisprudence so as to constitute settled law on the topic of whether multiple attorney's fees were possible. In the face of these indicators, it is my view that the legislation was enacted in response to *Fontenot* and was intended to establish the legislature's original intentions. Accordingly, in my opinion, the enactment of La.R.S. 23:1201(J) is properly viewed as interpretive and must, therefore, be given retroactive application.

For these reasons, I respectfully dissent.