# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 05-676

INTERNATIONAL MAINTENANCE CORPORATION

VERSUS

ROBERT L. STODDARD

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 02-04473
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

**AFFIRMED AS AMENDED.**

**Mark Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Defendant/Appellee:**
      **Robert Stoddard**

**Gregory E. Bodin**
**Phillip E. Foco**
**Valerie Legé Mayhall**
**Taylor, Porter, Brooks & Phillips, L.L.P.**
**P.O. Box 2471**
**8th Floor, Bank One Centre**
**451 Florida Street**
**Baton Rouge, LA 70801**
**Counsel for Plaintiff/Appellant:**
      **International Maintenance Corporation**

**DECUIR, Judge.**

In this workers' compensation dispute, the employer terminated the employee's benefits and alleged fraud and misrepresentation on the part of the employee. The employer sought to invoke the provisions of La.R.S. 23:1208, which provide for the forfeiture of benefits, as well as criminal penalties, upon proof of an employee's willful misrepresentation for the purpose of obtaining workers' compensation benefits. After trial on the merits, the workers compensation judge found in favor of the employee and ordered the reinstatement of benefits. The employer has appealed. For the following reasons, we amend the judgment rendered below, and as amended, we affirm.

Robert Stoddard was employed by International Maintenance Corporation as a pipe fitter. He suffered a work-related injury to his back on September 30, 1999, while working with a wrench and a spool of pipe. Initially, IMC contested whether an accident occurred, but prior to trial, IMC agreed to pay future and past due benefits. However, IMC later terminated benefits based on Stoddard's failure to finish a Functional Capacity Evaluation because of complaints of pain. A complete FCE was performed shortly thereafter and showed Stoddard was capable of only sedentary work. Medical evidence also supported the disability rating.

In 2003, IMC again terminated benefits, asserting its rights under La.R.S. 23:1208 for the forfeiture of future benefits and restitution of previously paid benefits. IMC asserts that Stoddard lied in answers to interrogatories wherein he denied having been involved in fights, arrests, a fall, and a car accident, and lied in his deposition testimony when he denied being on medication.

Stoddard responded to these allegations by arguing the misstatements were irrelevant to his workers' compensation claim, were taken out of context, and were exaggerated. At his deposition, Stoddard was asked whether he had taken medication

that day. By contrast, at trial, Stoddard was asked whether he was taking medication during the time of his deposition. Stoddard contends these are completely different questions. Concerning the fights, Stoddard testified at trial that he did not consider being pushed around at a bar and breaking up an altercation between relatives to be fights. He also explained that he was ashamed to admit he had been arrested for possession of stolen goods and did not realize that a ticket for disturbing the peace by intoxication when he was 18 years old constituted an arrest. Finally, Stoddard argued that neither the car accident, in which his wife was injured and he was not, nor the bathroom fall, resulted in injuries which affected his disability, and he reported both to his doctor.

In oral reasons for judgment, the workers' compensation judge made the following findings:

> [N]ot every false statement supports a finding of fraud. His demeanor does not suggest to the court that he deliberately set out to deceive the employer in order to collect benefits. Admittedly, he may have been a difficult individual for the employer and the insurance company to deal with, but being difficult is not the same thing as being fraudulent.
>
> Additionally, the medical information which I have reviewed does not show that the undisclosed injuries are superceding, intervening causes of disability. His behavior and responses do not rise or sink to the level of fraud as defined in *Resweber [v. Haroil Const. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7].

The workers' compensation judge denied IMC's request for restitution and forfeiture of benefits and awarded Stoddard $5,000.00 in attorney fees. In this appeal, IMC contests the denial of its § 1208 claim and the award of attorney fees. Stoddard answered the appeal, requesting an award of attorney fees for work performed on this appeal.

The Louisiana Supreme Court in *Resweber v. Haroil Const. Co.,* 94-2708, 94-3138 (La. 9/5/95), 660 So.2d 7, explained the requirements for forfeiture of benefits

2

under § 1208. The requirements are: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. *Id.* Additionally, the court explained:

> [T]he statute does not require the forfeiture of benefits for any false statement, but rather only false statements that are *willfully made for the purpose of obtaining benefits*. It is evident that the relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. A false statement which is inconsequential to the present claim may indicate that the statement was not willfully made for the purpose of obtaining benefits. Clearly, an inadvertent and inconsequential false statement would not result in forfeiture of benefits.

*Id.* at 16. *See also*, *Citgo Petroleum Corp. v. Frantz,* 03-0088 (La.App. 3 Cir. 6/12/03), 847 So.2d 734, *writ denied,* 03-1911 (La. 10/31/03), 857 So.2d 484.

The case before us raises questions of credibility, and it is, therefore, subject to the manifest error standard of review. *Leopaul v. Acadiana Granite & Marble*, 03-1045 (La.App. 3 Cir. 2/4/04), 865 So.2d 1009. As the *Leopaul* court noted, the statute at issue provides for a harsh remedy and necessarily requires a strict construction.

We have reviewed the medical evidence, Stoddard's deposition and trial testimony, as well as his discovery responses. We, like the workers' compensation judge, acknowledge Stoddard's failure to fully and truthfully answer questions regarding his accident history, and we certainly do not condone such behavior. However, we find no manifest error in the conclusion that Stoddard did not willfully intend to perpetrate a fraud on IMC in order to obtain workers' compensation benefits. There is no medical testimony to support the suggestion that Stoddard's disability was caused by any event other than his work-related injury. We conclude that his failure to appropriately answer questions regarding his history was inconsequential to IMC's obligation to provide compensation benefits.

3

Regarding the amount of attorney fees awarded in favor of Stoddard, IMC argues in this appeal the $5,000.00 award is factually unsupported and must be reversed. We disagree. A workers' compensation judge has great discretion in the award of attorney fees and penalties, and a decision concerning the award of attorney fees will not be disturbed absent an abuse of discretion. *Harvey v. B E & K Const.*, 33,475 (La.App. 2 Cir. 8/23/00), 770 So.2d 819. "There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered." *Id.* at 822. Louisiana Revised Statute 23:1201(F) requires that awards of attorney fees be reasonable. Our review of the record convinces us the $5,000.00 award is reasonable and is not an abuse of discretion.

Stoddard has also requested an additional award of attorney fees for work performed on this appeal. A workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer's unsuccessful appeal. *Rachal v. Good Neighbor Glass, Inc.*, 03-1288 (La.App. 3 Cir. 3/3/04), 867 So.2d 129, *writ denied*, 04-0885 (La. 5/21/04), 874 So.2d 175; *Hickman v. Allstate Timber Co.*, 94-1275 (La.App. 3 Cir. 4/5/95), 653 So.2d 154, *writ denied*, 95-1133 (La. 6/23/95), 656 So.2d 1017. Accordingly, we award an additional $1,500.00 in attorney fees for the successful handling of this appeal.

For the above and foregoing reasons, the judgment of the Office of Workers' Compensation is amended so as to award $1,500.00 in attorney fees for work performed in the appeal. In all other respects, the judgment is affirmed. Costs are assessed to IMC.

**AFFIRMED AS AMENDED.**

4